Rossell J.
This action was brought to recover the fees auege(j to be due to the plaintiff Johnson, who had been a constable, for serving state process, which fees it was said been received by Smith the defendant, who is clerk of the county of Salem. If the clerk has actually received fees for services rendered by the officers of the court, or for attendance as jurors or witnesses, there cannot be a , . . . doubt, but he is liable to an action for* retain *mg them. ;gut this receiving and retaining of them, must be established according to the known rules of law. How stands this case ? The state of demand sets out, that the constable had served state process in the case of the State v. R. Berry, the fees amounting1 to 3 dollars, 60 cents ; in that of R. Bradley, to the amount of 85 cents; and in the case of J. Benson, 85 cents; and he relied on the testimony of R. Craven, late sheriff, to prove that the defendant had received the above fees. The justice has entered the testimony of sheriff Graven, in these words: “I have paid fees over to the defendant, which I have received from the officers of the state-prison, I believe all that was to be paid over. I took some of the persons mentioned in the state of demand to the state-prison, after they were convicted.” On this testimony, and that of another witness, on the part of the plaintiff, who swore that he believed the book in which the above charges were entered, was the plaintiff’s original book of entries ; the jury found a verdict, and judgment was entered for 4 dollars, 45 cents, with costs.
On this state of the case, it does not appear to me there was proof that the fees prosecuted for, or any part of *591 them, came to the hands of the defendant. And the motion for a nonsuit ought to have been sustained by the justice; this not being done, the judgment must be reversed.
Kirkpatrick C. J.
From the many complaints I have heard, I am inclined to believe, that the money drawn from the treasury in cases of this kind, does not very regularly come to the hands of those inferior officers, to whom it justly belongs. I should therefore be willing to go pretty far, to support claims of this sort. But here the evidence, (for the justice has sent up the whole evidence) is so entirely defective, that the judgment must be reversed.
Southard J.
There is no legal evidence of the conviction of the defendants in the several criminal cases; nor proof that the clerk really received the fees.
Judgment reversed.