Pearson, C. J.
 

 We are satisfied that the case is properly constituted in this Court by the appeal, under the provisions of the statute ; Acts of 1858, ch. 53. The enacting clause uses general words: “In
 
 all cases of habeas corpus,
 
 before any judge or court, where a contest shall arise in respect to the custody of minor children,” &c., “in such cases, either party-may appeal,” &c. Admitting that in cases of ambiguity the generality of a statute may be restrained by the preamble,
 
 Blue
 
 v.
 
 McDuffie,
 
 Bus. Rep. 131, it has no such effect in this case, for although express reference is made to the particular instance of minor children, whose parents live in a state of separation, which probably suggested the-expediency of the act, the remedy is provided in such and
 
 other lihe
 
 cases; which is exjdaine’d to mean
 
 all cases,
 
 where a contest shall arise in respect of the custody of minor children. Ours is a case of that kind. Has Kornegay a right to the custody of the boy ? He puts his claim on the force of the deed executed by the boy’s father: so the case depends on the legal effect of that deed; and the question is, does it operate as a mere
 
 executory agreement
 
 for a breach whereof, damages may be recovered in an action of covenant ? or does it operate as an
 
 executed agreement,
 
 to wit: a conveyance by which a right of property vested in Kornegay, so as to establish the relation of “ master and apprentice ” between him and the boy, whereby he is entitled to the boy’s services, may inflict reasonable correction, and in case the boy absconds, or is taken from him,
 
 *73
 
 may, by process of law, have him restored to his custody?— At common law, a man may bind himself by an agreement that his child shall serve another a year, or any number of years. So he may bind himself by an agreement that a stranger Shall serve another, or that he will serve himself '; and if the service be performed, he may recover the consideration ; if
 
 not
 
 performed, he will be liable to an action for breach of 'contract. This is clear.
 
 Hiatt
 
 v.
 
 Gilmer,
 
 6 Ired. Rep. 450: The testator of the defendant contracted with the plaintiff, a harness maker, that his son should serve as an apprentice for five years, to learn the trade; the son served about two years, when the father took him away and sent him to school. The plaintiff sued and recovered damages for breach of contract. Da
 
 y
 
 v.
 
 Everett,
 
 7 Massachusetts Rep. 145 : An indenture was executed by the parties by which the plaintiff covenanted that his son would serve the defendant for six years, and the defendant covenanted to pay the plaintiff fifty dollars -at the end of the time. Action covenant; breach not paying the fifty dollars, the son having served out the term; defendant demurred, and insisted that the covenant was void, as it did not pursue the statute of that State;
 
 held,
 
 although the' relation of “master and apprentice” was not established by the indenture, the covenants were good at common law, so as to entitle each party to an action for a breach.
 
 Cuming
 
 v.
 
 Hill,
 
 5 Eng. Com. Law, 229 : A father, by indenture, covenanted that his son, who was seventeen years of age, would serve the plaintiff, as an apprentice, for seven years. The son served until he was twenty-one, and then quitted the service; covenant against the father; breach, the son did not serve out the term.
 
 Held,
 
 although it was lawful for the son to quit, the father was amenable in damages. Baily, J. “The father here binds himself that the son shall serve seven years; it is no answer, in an action against the father, for him to say, it was in the option of the son whether he would serve or not; I may bind myself that A B shall do an act, although it is in his option whether he will do it or not. These cases establish the position that a father may bind himself by an agreement
 
 *74
 
 that his child shall serve another; and also, recognises the distinction between an executory agreement, and one executed so as to create the relation of master and apprentice, and confer the rights incident thereto. In
 
 Hiatt
 
 v. Gilmer, it is not intimated that the plaintiff was entitled to have the custody of the son of the defendant’s testator restored to him by a
 
 habeas corpus.
 
 In
 
 Day
 
 v.
 
 Everett,
 
 the distinction is expressly referred to, and it is said the only remedy was by action for breach of contract, the parties not being entitled to the remedies given by law in case of “ master and apprentice.” The same distinction is taken in
 
 Phillips
 
 v.
 
 Murphy,
 
 4 Jones’ Rep. 45, a free negro executed a deed by which he “gave, granted, bargained and sold” to one Nixon, his services as a servant for five years, and the full and entire control of his person and labor during that time.” The Court say: “ The legal effect of the deed was not to make the free negro a slave, and vest in Nixon a title to him as
 
 property,
 
 but simply to give a right to his services for five years, upon an
 
 executory agreement,
 
 and although the parties supposed that Nixon was acquiring under the deed some right more tangible than a
 
 chose in action,
 
 yet, such was not the case.
 

 A father is entitled to the services of his child until he arrive at the age of twenty-one. He has a right of property in the services — may enforce them by reasonable correction, and if the child absconds, or is taken away, may recover the custody by
 
 habeas corpus,
 
 which has superseded the writ of
 
 Ho-mine replegiendo,
 
 anciently used to recover a villian-ward in knight service, or child; see Fitsherbert’s Natura Brevium 67. This interest was, however,
 
 personal
 
 to the father, and he could not assign it to a third person, except when the child being old enough to understand the nature of a contract, which was held to be twelve years, gave his assent thereto by
 
 executing the deed with his father; King
 
 v.
 
 Inhabitants of Arnesby,
 
 5 E. Com. Law, 385. It is there held, “a father has at the common law, no authority to bind his infant son apprentice without his assent, and an indenture executed by the father and the master, but not by the son also, does not
 
 *75
 
 create an apprenticeship. Baily, J., says: “an infant can only bind himself by deed,” and although the son had served some years, that being a matter
 
 in pais,
 
 did not bind him.— In the case of a
 
 parish
 
 apprentice, there is a special power given by statute, 5 Eliz. ch. 4, to parish officers to bind the apprentice -until he comes of age. There he is bound without his assent, but a father has, at common law, no such right.” Best, J., says: “There is no sufficient authority for saying that a father, at the common law, can bind his infant son apprentice without his assent, testified by the execution of the indenture.”
 

 The same principle, which prevents a father from assigning his interest, applies to the master of an apprentice bound by the County Court under our statute;
 
 Futrell
 
 v.
 
 Vann,
 
 8 Ired. Rep. 402. It is a
 
 personal
 
 trust, created in the one case by nature, and in the other, by the act of law, and cannot be transferred to a third person without the assent of the child ii. respect to the father, and of the County Court, in respect to the master. A deed, executed by a child of tender years, too young to be capable of understanding the nature of a contract, is void, and will be so found upon the plea,
 
 non est factum
 
 ; but the deed of an infant, having mental capacity, is only voidable under the special plea of “infancy.” There are two acts which an infant cannot avoid — marriage, because of the nature of the subject, and a deed of apprenticeship, if he be over the age of twelve years; because the power to execute the deed is necessary to provide the means of support, and it is presumed to be for the benefit of the infant, and it concerns the commonwealth that infants should be kept employed so as to acquire habits of industry, and become skillful in arts and trades; McPherson on Infants, 41 Law Lib. 479. “The act of binding himself apprentice, being an act manifestly for the benefit of an infant, is one which he is competent to perform.” Por this, is cited Burns’ Justice, art. “Apprentice.” If the father of an infant be dead, he may, at the age of twelve years, at common law, execute the deed alone. (This subject is now under the control of the County Court; Rev. Code, ch.
 
 *76
 
 5.) If the father be living, it is necessary that both should execute the deed, so that the interest of the father may be relinquished. In this mode, the relation of master and ap: prentice is established, and the effect of the deed is, to vest in the master a property in the infant.
 

 In our case, as the infant did not execute the deed, Kornegay acquired no property under it, and did not become entitled to the custody of the infant. His only remedy is by an action on the covenant for damages. It follows that Korne.gay failed to shew any lawful authority or right to detain the body of the infant in his custody; and as the infant is over twelve years of age, we find it settled that the proper order is to discharge the infant and permit him to go where he pleases. Order below reversed. This order will be entered, and judgment against Kornegay for costs;
 
 King
 
 v. Greenhill, 31 E. Com. Law, 159; McPherson on Infants, 156.
 

 In respect to the child, Lucretia, who is under the age of twelve years, we find by the same-authorities, that the proper order is to restore her to the custody of the father; for although he may be liable under his covenant to be sued for damages, -still, his interest as father, is not divested by it.
 

 Order below reversed. This order will be entered, and judgment against Eornegay for costs.
 

 Per Curiam,
 

 Order below reversed.