## WILLIAMSON v. PENDER.

(December 22, 1900.)

1. *Judgment—Erroneous—Irregular.*

   An erroneous or irregular judgment is valid till reversed or set aside, and can not be tested by disobeying it.

2. *Contempt—Imprisonment—Refusing to Deliver Property —Receiver.*

   A person refusing to obey an order of court to deliver property to a receiver may be imprisoned until the order is complied with.

3. *Contempt—Evidence—Sufficiency.*

   The evidence in this case is sufficient to justify court in adjudging a person in contempt for refusal to obey order to deliver property to a receiver.

CIVIL ACTION by W. B. Williamson, Trustee of the National Bank, of Asheville, against R. H. Pender and M. R. Pender, heard by Judge *O. H. Allen*, at Webster, October 3, 1900. Judge *Allen* found the following facts:

This cause coming on to be heard on motion of the plaintiff, W. B. Williamson, trustee, and W. A. Gibson, receiver, for an attachment against the defendants for contempt of court, and for an order placing said receiver in the actual possession of the land and premises in dispute, and being heard, and it appearing to the Court that an order was made by the undersigned, Judge of the Superior Court at Chambers, in Asheville, N. C., on the 30th day of August, 1900, requiring the defendants, R. H. Pender and Mary R. Pender, to appear before his Honor, the said Judge, at Chambers, in Brevard, N. C., on the 12th day of September, 1900, and show cause, if any they had, why they should not be attached

127——31

for contempt of court for wilfully and unlawfully disobeying
the orders of the Court, and for not surrendering possession
of the land and premises described in the plaintiff's com-
plaint to said receiver, and for not accounting to said re-
ceiver for the rents and profits of said land; and it further
appearing that said defendants were duly served with said
order by C. C. Martin, sheriff of the said county of Swain,
and that said defendants failed to appear, and the said Mary
R. Pender failed to make any answer to said order and rule
of court, and that an order was thereupon made by the under-
signed, Judge at the time and place aforesaid, directing the
said sheriff to arrest said defendants, and to have them and
each of them before the undersigned Judge of the Superior
Court at Chambers in Waynesville, N. C., on the 20th day of
September, 1900, to answer as for contempt, and to be dealt
with according to law.  And it further appearing to the
Court that the said C. C. Martin, sheriff, as aforesaid, pro-
duced the said R. H. Pender before his Honor, the said
Judge, at the time and place aforesaid, but failed to produce
the said Mary R. Pender, and that said cause was thereupon
continued for hearing at Chambers, in Webster, N. C., on
the 3d day of October, 1900, and a further order was made
directing the said C. C. Martin, sheriff, as aforesaid, to hold
the said R. H. Pender to bail in the sum of $200 for his ap-
pearance before said Judge at the time and place aforesaid,
and further directing said sheriff to arrest the said Mary R.
Pender, and have her before said Judge at said time and
place, to answer as for contempt, and to be dealt with accord-
ing to law; and said last-named order having been executed
by said sheriff, and said defendants having appeared and
answered, and now being present before the Court, the Court
finds the following facts:

1. That at Spring Term, 1899, of the said Superior Court

of Swain County, an order was made by his Honor, H. R. Starbuck, Judge presiding, and holding the courts of the Twelfth Judicial District at said time, appointing the said W. A. Gibson receiver of the land and premises in controversy in this action, consisting of about three hundred acres of cleared and tillable land and about one hundred and ninety acres of forest or woodland, with a substantial and comfortable dwelling-house, containing six or eight rooms, and a large and commodious barn and other outbuildings thereon; which said order appears in the record and is made a part of these findings of fact.

2. That the said W. A. Gibson executed bond as required by said order, and immediately entered upon his duties as receiver aforesaid, and demanded possession of said land and premises of the said R. H. Pender and Mary R. Pender, both of whom refused to surrender possession to said receiver, or to recognize him as their landlord, or to pay any rent to him for said farm and have continued in the occupation of the same and in the receipt of the rents and profits thereof since said time, with the exception hereinafter stated.

3. That at Spring Term, 1900, of the said Superior Court of Swain County, a further order was made in said cause by his Honor, T. A. McNeill, Judge presiding, and holding the courts of the Twelfth Judicial District, correcting the said former order, by which the said W. A. Gibson was appointed receiver, which said order made by Judge McNeill appears in the record, and is made a part of these findings of fact.

4. That after the making of said order by his Honor, Judge McNeill, the said W. A. Gibson again demanded possession of said land and premises from the said R. H. Pender and Mary R. Pender, both of whom refused to surrender possession to said receiver, or to recognize him as their landlord, or to pay rent to him whatever, the said R. H. Pender

claiming to have nothing to do with the matter, and alleging that possession was in his wife, the said Mary R. Pender.

5. That the annual rental value of said land and premises is at least one hundred dollars, and the said defendants have been in the continuous occupation of said premises, living in the dwelling-house and using the other buildings thereon, since the time of the first appointment of said receiver, and in the receipt of all the rents and profits thereof, except that said receiver collected about thirty-one and three-fourth bushels of corn from one tenant on said farm who had rented from the defendant Mary R. Pender for the year 1899.

6. That the name of the said Mary R. Pender was inserted in the original summons issued in said action as a party-defendant, at the time of the issuing of the same, on the 9th day of June, 1899; but said summons was never served upon said defendant, and she had not been served with process at the time of the making of said order by his Honor, Judge Starbuck, at Spring Term, 1899, of said court.

7. That an alias summons was duly issued for said defendant by order of Court, which was served on the said defendant Mary R. Pender on the 18th day of August, 1899, but no answer was filed in said action by either of said defendants until the 4th day of December, 1899.

8. That at Spring Term, 1899, of said court, when said order was made by his Honor, Judge Starbuck, appointing said receiver, one R. L. Leatherwood, a practicing attorney in said court, having been employed by the said R. H. Pender, a party-defendant with his said wife, entered a general appearance in said cause for both of said defendants and waived notice of the motion made for the appointment of said receiver; and the Court further finds that said Leatherwood is solvent.

9. That the said Mary R .Pender has had notice of the

appointment of the said W. A. Gibson as receiver, and on the 17th day of November, 1899, caused notice to be served on said Gibson to show cause, at Fall Term, 1899, why he should not be removed from said receivership, but said motion was never made.

It is therefore considered, ordered, and adjudged by the Court that the said Mary R. Pender is in contempt of this Court, and that she be attached for contempt of court, and that she pay a fine of $50 for wilfully and unlawfully refusing to obey the orders of this Court, and that she pay all the costs of this proceeding, to be taxed by the Clerk of the said Superior Court of Swain County.

It is further ordered and adjudged by the Court that said defendants, and each of them, their tenants, agents, and attorneys, surrender immediate possession of said land and premises, and every part thereof, and the present crops thereon, to said receiver; and they and each of them, and their aiders and abettors, are enjoined from trespassing, or otherwise interfering with said property, or the possession thereof by said receiver.

It is further ordered and adjudged that the said Mary R. Pender be, and she is hereby committed, to the common jail of Swain County till she pay said fine and costs, and shall surrender possession of said land to said receiver, and shall in all things comply with the orders of this Court; and to that end she is hereby committed to the custody of the said C. C. Martin, sheriff of the said county of Swain. If, however, the said Mary R. Pender shall forthwith pay to the said W. A. Gibson, receiver, the sum of $100, or shall secure the same to his satisfaction, to be paid within ninety days from this date, she shall be entitled to occupy said land and premises as his tenant until the next term of the Superior Court of the said county of Swain, and shall be entitled to all the

crops now growing on said land and premises, and to the rents arising from the same, and shall be relieved from that part of this judgment, which requires her to surrender immediate possession of said land and premises, and the crops thereon, to said receiver.

The question as to the rents and profits for the year 1899 is reserved for further consideration and for adjudication until the next term of the said Superior Court of Swain County.

The defendant R. H. Pender, having disclaimed any interest in said property, is discharged.

O. H. ALLEN,
*Judge Presiding Twelfth Judicial District.*

From judgment adjudging defendant Mary R. Pender guilty of contempt, she appealed.

*George A. Shuford,* and *Davidson & Jones,* for the plaintiff.

*Shepherd & Shepherd,* for the defendant.

CLARK, J. This is an appeal from a judgment in proceedings for contempt rendered upon the following state of facts, somewhat condensed from the findings made by the Judge. The defendants are W. R. Pender and his wife, Mary R. Pender. The summons was served on R. H. Pender, June 9, 1899, but not upon his wife. R. L. Leatherwood, Esq., a practicing attorney in said court, and whom the Court finds to be solvent, however, entered a general appearance for both defendants, having been employed by the husband, and waived notice of the motion for appointment of a receiver. At the June Term of the Swain Superior Court, 1899, Judge *Starbuck,* after finding as facts the appearance of both defendants in the waiver by them of notice

of motion for a receiver, and that they were insolvent, appointed W. A. Gibson receiver of the real estate in controversy. Out of abundant caution, however, an alias summons was issued, August 17, 1899, and served upon the *feme* defendant, August 22, 1899. Said *feme* defendant also had actual notice of the appointment of the receiver theretofore made, and on November 17, 1899, she caused notice to be served upon the receiver (Gibson) to show cause at Fall Term, 1899, Superior Court, why he should not be removed from the receivership; but the motion was not brought by her to a hearing, and the defendants filed their answer in said action December 4, 1899. At Spring Term, 1900, both defendants being represented by counsel, Judge McNEILL corrected and amended the former order appointing a receiver *nunc pro tunc* so as to read: "It is now, on motion of counsel for plaintiff, considered and ordered that W. A. Gibson be, and he is hereby, appointed receiver to take charge of the land and rents and profits described in the plaintiffs' complaint, and that he is authorized and empowered to enter upon the duties of such receiver upon entering into bond," etc. After the said order by Judge McNEILL, the receiver again demanded possession of said premises of the defendants (which had theretofore been refused), but the defendants again refused to surrender possession of said premises, or to pay rent, or to recognize or obey the order of the Court, though they were in possession of the land and receiving the rents and profits. Upon affidavit to that effect, filed before Judge ALLEN, August 18, 1900, he issued notice to the defendants, which was duly served, to appear and show cause before him at Brevard, September 12, 1900, why they should not be attached for contempt. Neither of the defendants appeared at the return day of the rule. The male defendant sent an answer, which the Judge found insufficient, evasive,

and frivolous, and the *feme* defendant filed no answer at all. Thereupon the Judge, finding the above facts, issued an order to the sheriff to arrest them, to be brought before him, at Waynesville, September 20, 1900, to answer for the contempt of court. On that day the sheriff produced only the male defendant; whereupon the proceeding was continued for hearing at Webster, October 3, 1900, and an alias order of arrest was issued for the *feme* defendant, and at that time and place, both defendants being present and heard, the Judge found the above facts, and, further, that the annual rental value of the land was at least $100, and that the defendants had been in continuous occupation of said premises, living in the dwelling-house and using the other buildings, since the appointment of said receiver, and in receipt of all the rents and profits, except $31\frac{1}{3}$ bushels of corn paid by one of the tenants who had rented from the *feme* defendant for the year 1899. Upon these findings, the *feme* defendant was adjudged guilty of contempt of court, and fined $50, and taxed with the costs of the contempt proceedings. The Court further ordered the defendants to surrender immediate possession of the premises and the crops to the receiver, and enjoined them, their aiders and abettors, from interfering with the possession of the premises. The Court committed the *feme* defendant to jail (the male defendant having disclaimed any right in, or control over, the realty, which was the property of the wife) till payment of said $50 fine and costs in contempt, and till she should surrender the premises and comply with the order of the Court; with a proviso, however, that if she should forthwith pay to the receiver $100, or secure the same to be paid within 90 days, she might be allowed to remain in possession as tenant of the receiver, and take the rents for this year. The question as to liability for rents and profits for the year 1899 was reserved till the next term of court.

The facts are thus recited at some length, though not altogether as full as set out in the record and in the findings of the Judge. It is almost incredible that this Court should be asked to hold that the appellants were not guilty. They certainly have been very badly advised by some one.

If there was any error or irregularity in the appointment of a receiver, that could only be corrected by an appeal therefrom. In the meantime, such order would be valid and binding, and should be obeyed, unless suspended by the bond given on appeal. An erroneous or irregular judgment can not be tested by disobeying it. It is valid till reversed or set aside.

The only possible defense for disobedience of the order appointing a receiver, it not being appealed from, would be that the order is void for lack of service of process upon the *feme* defendant; but she has in the amplest manner been made a party to the proceedings, has had full notice of the orders of the Court, and has contemptuously disregarded them. The judgment of imprisonment till the order was complied with is valid. *Delozier v. Bird,* 123 N. C., 689.

Affirmed.