NEWSOME v. BUNCH.

(Filed September 11, 1906).

*Habeas Corpus—Custody of Child—Abandonment—Findings of Fact.*

In a *habeas corpus* proceeding where the respondents averred that the petitioner, the father, abandoned the child to them eight years ago, at the death of its mother, when it was five months old, and then left the State, and there was evidence to this effect, and the Court did not make any finding as to this controverted fact, nor did it determine whether the interest and welfare of the child will or will not be materially prejudiced by its restoration to the petitioner, but upon certain findings concluded, as matter of law, that there had been no abandonment, *it was error* to order the child delivered to the petitioner, without passing upon the above matters.

HABEAS CORPUS proceeding for the custody of a child, by A. K. Newsome, petitioner, against Q. T. Bunch and his wife, heard by *Judge G. W. Ward* on 3 January, 1906, at Elizabeth City, N. C. From a judgment ordering the child to be delivered to the petitioner, the respondents appealed.

*N. Y. Gulley* and *W. S. Privott* for the petitioner.
*W. M. Bond* for the respondents.

WALKER, J.   The petitioner is the father of the child, Roy Clarence Newsome, and alleges that he is entitled to his custody, and that the respondents ˙unlawfully withhold the child and have refused to surrender him to the petitioner. The respondents aver that the petitioner abandoned the child to them about eight years ago, at the death of its mother, when it was five months old, and then left the State. The Judge found certain facts and concluded, as matter of law, that there had been no abandonment.  He thereupon ordered the child to be delivered to the plaintiff, and the respondents excepted and appealed.

There was evidence to the effect that when the child was five months old the petitioner left the home of the respondents, with whom the child was living, and removed to Ohio, having told them, at the time of his departure, ˙that if the child should die, to bury it, but not to send him any word. The Court did not make any finding as to this controverted fact, nor did it determine whether the interest and welfare of the child will or will not be materially prejudiced by its restoration to the petitioner.   We think that both matters should be passed upon.   It is true, this is a *habeas corpus* proceeding, but the provisions of secs. 180 and 181 of The Revisal bear so directly upon the question involved that the rights of the parties can be better determined and the proceeding more speedily disposed of by a finding below upon both matters.   Indeed, such a finding would seem to be essential to a final disposition of the case here, for if we should hold that there had been an abandonment and reverse the ruling of the Judge, the case would have to be remanded for a finding upon the other question, and it would thus be decided in fragments.

We do not intimate any ˙opinion upon the question of abandonment, but will decide as to that when all the material facts are before us.   The Judge may find the additional facts

upon the evidence already taken, or he may hear additional testimony, as he may see fit.

The cause is retained, and this opinion will be certified to the Court below to the end that the Judge who tried the case may proceed in accordance therewith. His findings when filed in the office of the Clerk of the Superior Court of Chowan County will be certified by the latter to this Court.

Remanded for additional findings.