IN RE SAMUEL PARKER.

(Filed 20 March, 1907).

1. **Appointment of Guardian—Failure to Notify Relative Having Custody of Infant.**—Failure to notify relative in custody of the child of proceedings to appoint guardian is an irregularity, under Revisal, sec. 1772, which does not render the appointment of the guardian void, though not conclusive upon such relative.

2. **Same—Habeas Corpus—Custody of Child.**—Except as between parents under Revisal, sec. 1853, the right of the custody of a child cannot be determined under the writ of *habeas corpus*, the object of that writ being to remove an illegal restraint.

3. **Same—Findings of Lower Court—Infant Eleven Years Old—No Restraint.**—When it appears from the findings of the Court below that the infant, eleven years old, is in the custody of his aunt; that the aunt and her husband are of good character and properly supporting the child with regard to his mental, moral and spiritual welfare; that the uncle, petitioning in the *habeas corpus* proceedings, has contributed nothing to the support of the child, and has been appointed guardian without the regularity of notice required by the statute, Revisal, sec. 1772; that in the judgment of the Court the best interests of the child are subserved by his remaining in the custody of the aunt, the judgment of the Court below will not be disturbed, no illegal restraint having been shown upon his findings.

3. **Same—Remedy of Relative in Possession.**—When the uncle of an infant eleven years old has been appointed guardian without notice under Revisal, sec. 1772, to the aunt and her husband having the custody, the guardian can assert his right to custody by civil action for the custody of the child, or the aunt may take appropriate steps to set aside the appointment of the guardian.

HOKE, J., concurring.

HABEAS CORPUS PROCEEDINGS appealed from DUPLIN County, heard before *Jones, J.,* at chambers in Kenansville, on 31 August, 1906, upon the petition of Egbert Hardy, for the custody of an infant in that of the respondent. Judgment for respondent. Egbert Hardy, petitioner, appealed.

*In re* SAMUEL PARKER.

*Stevens, Beasley & Weeks* for appellant.
*W. S. O'B. Robinson* contra.

CLARK, C. J. The petitioner, Egbert Hardy, was on 12 December, 1905, on his *ex-parte* application, appointed guardian of his nephew, Samuel Parker, an infant without property. The mother of said Samuel died at his birth and the child was taken by his aunt, Mrs. Swinson, by whom he has been ever since and with whom he still remains. The child's father died a year after its mother. Notice of the application for guardianship should have been given to Mrs. Swinson and other relatives as required by Revisal, sec. 1772. Failure to do this is an irregularity which does not render void the appointment of guardianship, but certainly such appointment, being without notice to the relative then in charge of the infant, is not binding upon her. She had no opportunity to opose the order appointing the guardian, nor to appeal from it, and it is not a decree disposing of the custody of the child as against her.

Besides, "it is well settled that the right of guardianship cannot be tried on *habeas corpus*" (15 A. and E. (2 Ed.), 184) "nor to determine the right of guardianship"; nor "to decide as to conflicting rights to personal custody." *Ib.*, 156. The petition sets out sufficient matter to cause the writ to issue, but upon the investigation it did not appear that the child was detained against its will, and the Court found as facts that the child is about eleven years of age, is well cared for by Mrs. Swinson, who took the infant at its birth and has cared for and nurtured it ever since at her own expense; that the guardian has contributed nothing to that end; that the child is sent to school and Sabbath school, and is taken to church regularly, and that the character of his aunt and of her husband is good and the care and training given by them to the infant, Samuel Parker, are such that it

*In re* SAMUEL PARKER.

would be to the best interest of said infant for him to remain in the care and keeping of his said aunt and her husband. There being no illegal restraint shown upon the above findings, the Court properly remanded the infant to the custody of his aunt.

The object of the writ of *habeas corpus* is to free from illegal restraint. When there is none, the writ cannot be used to decide a contest as to the right custody of a child (except when the contest is between the parents of the child. Revisal, sec. 1853). *State v. Cheeseman,* 5 N. J. L., 511; *State v. Clover,* 16 N. J. L., 419; *Foster v. Alston,* 7 Miss., 406, and numerous other cases cited. 15 A. and E. (2 Ed.), in note 2, p. 156, and in note 2, pp. 184, 185, 186, and notes. The rule is clearly stated by *Chancellor Kent.* In *Wollstonecraft's case,* 4 Johns. Chan., 80, he says that the sole function of the writ in such cases is "to release the infant from all improper restraint, and not to try, in this summary way, the question of guardianship, or to deliver the infant over to the custody of another; that it is only to deliver the party from illegal restraint, and if the infant is competent to form and declare an election, then to allow the infant to go where it pleases, and if too young to form a judgment, then the Court is to exercise its judgment for the infant." In short, the writ of *habeas corpus* cannot be used as a claim and delivery of the person.

The guardian must assert his right to the custody of his ward by a civil action against the persons, now in charge of him, while they in turn, if so advised, can take appropriate steps to set aside the guardianship. In this summary proceeding by *habeas corpus* the Court can only consider the rights of the child—whether he is under illegal restraint or not—and if he is not, the Court will follow the course laid down by *Chancellor Kent,* quoted *supra.*

Affirmed.

*In re* Samuel Parker.

Hoke, J., concurring: I concur in the disposition made of this case for the reason that the placing of the child was in the sound legal discretion of the Court; and that, on the facts presented, such discretion was properly exercised when the child was left in the control and custody of its aunt, Mrs. Swinson.

If, as the principal opinion assumes, the appointment of Egbert Hardy as guardian was only irregular, then such appointment is not open to collateral attack, and stands as the judgment of the Court until same is reversed on appeal or set aside on motion; and this both as to Mrs. Swinson and all others. *Williams v. Pender,* 127 N. C., 481; Black on Judgments, sec. 261.

Hardy, then, being the guardian of the person, duly appointed, and the parents of the child being dead, has the *prima facie* right to the custody of the ward; but this superior right of the guardian does not obtain necessarily nor as a matter of law.

The authorities are to the effect that in this country the disposition of the child rests in the sound legal discretion of the Court, and that it will be exercised as the best interest of the child may require. *Newsome v. Bunch,* 142 N. C., 19; Tiffany on Persons and Domestic Relations, p. 308; Shouler on Domestic Relations, sec. 240.

The best interest of the child is being given more and more prominence in cases of this character; and, on especial facts, has been made the paramount and controlling feature in well-considered decisions. *Bryan v. Lynn,* 104 Ind., 227; *In re Welsh,* 74 N. Y., 299; *Kelsey v. Greene,* 69 Conn., 291.

Again, I think it is well established that, while in *habeas corpus* proceedings concerning the custody of children the power of the Court is ordinarily restricted to freeing them from illegal restraint and allowing them to select their plac-

ing or go where they please, that this is only true where the child, in a given case, is of years of discretion and sufficient intelligence to determine the question for itself; and where it is otherwise, when the child is not of proper age or sufficient intelligence to determine for himself, the Court must decide for him and make orders for his being placed in proper custody. *Musgrove v. Kornegay,* 52 N. C., 73; *In re Wollstonecraft,* 4 Johnston Chan., p. 79; *Mayne v. Baldwin,* 5 N. J. Eq., 454; Church on Habeas Corpus, sec. 439, 15 Am. and Eng. Enc., p. 185, note 5.

In *Musgrove v. Kornegay, supra,* it is intimated that, so far as the matter is dependent on an arbitrary limit, the age of twelve years in this country, and in cases of this kind, will be considered the age of discretion; in England it seems to have been fourteen years, and there being two children— one above, and one below this age—the Court, in determining upon the judgment, said, "As to the one over twelve years of age, we find it settled that the proper order is to discharge the infant and permit him to go where he pleases. And in respect to the other, who is under the age of twelve, we find, by the same authority, that the proper order is to restore him to the custody of his father."

In *Mayne v. Baldwin, supra,* the child being five years and seven months of age, the Court said: "In this case, the child is of such tender years the father could properly apply for the writ of *habeas corpus* in his own right without the privity of the child; and it is a case in which, for want of discretion in the child, it is proper that instead of merely delivering the child from improper restraint, an order should be made delivering the child to its father. Citing 3 Hill, p. 399.

And, in the notes of the Encyclopedia above referred to, it is said: "The power of the Court in *habeas corpus* to deter-

mine the right of custody and to award it accordingly is well established by adjudged cases, both in the English and American courts." Citing many cases.

In at least three of the authorities cited in the principal opinion the child had reached the age of twelve and over; and the child was set at liberty because it was held to have the necessary discretion to make such an order proper.

Section 1853, Revisal, was enacted to enable the Court to make proper regulations as to the care and custody of children as between husband and wife who are living in a state of separation without being divorced. It seems to be confined to such cases, and has, to my apprehension, no perceptible bearing on the case before us.

I concur in the decision for the reason that it affirmatively appears that the best interests of the child require that it remain, for the present at least, with its aunt, the respondent, and that the legal discretion vested in the Court in such cases has been properly exercised.

WALKER, J., concurs in the opinion of HOKE, J.