IN THE MATTER OF NATALIE BLAKE.

(Filed 1 November, 1922.)

1. **Divorce—Husband and Wife—Parent and Child—Habeas Corpus—Courts—Jurisdiction—Juvenile Courts.**

The Superior Court, in which a suit for divorce is pending, has exclusive jurisdiction as to the care or custody of the children of the marriage, before and after the decree of divorcement has been entered, C. S., 1664, and though by proceedings in *habeas corpus* under the provisions of C. S., 2241, the custody of a child of the marriage may be awarded as between parents each of whom claim it, this applies only when the parents are living in a state of separation, without being divorced, or suing for a

decree of divorcement; and where the decree of divorcement has been granted without awarding the custody of minor children of the marriage, the exclusive remedy is by motion in that cause. *Quere*, whether the statutes relating to the juvenile courts confer jurisdiction in such instances.

**2. Constitutional Law—Supreme Court—Supervisional Powers—Remedial Writs — Habeas Corpus — Divorce—Custody of Children—Courts—Jurisdiction—Motions—Notice.**

Where a parent erroneously seeks the custody of a minor child of the marriage by proceedings in *habeas corpus,* after decree of divorce has been entered upon suit in the court of a certain county, without providing therefor, the Supreme Court, on appeal, having regard for the best interest of such child before the motion can be made in the court having granted the divorce, may exercise its powers given by Const., Art. IV, sec. 8, to generally supervise and control the proceedings of the inferior courts by remedial writ, or process; and on this appeal from an order of the Superior Court judge, erroneously hearing the matter upon proceedings in *habeas corpus,* the Supreme Court adjudges that the custody of the child shall remain with the mother, as directed by the judge hearing the same, until the mother can properly seek her relief upon motion made in the action granting the divorce at the next term of the said court, or as soon thereafter as the judge may hear the same, upon giving the respondent ten days previous notice of her application.

**3. Appeal and Error—Costs—Habeas Corpus.**

On appeal from the order of the Superior Court judge erroneously hearing proceedings in *habeas corpus* and awarding the custody of a child of the marriage, after a decree of divorcement had been entered: *Held,* the petitioner will pay the costs of this appeal, and the proper judge hearing the motion to be made in the said cause will determine its ultimate payment as between the parties.

APPEAL by defendant from *Bond, J.,* in *habeas corpus* proceedings, heard at December Term, 1921, of WAKE.

*D. E. Henderson, Evans & Eason, and Murray Allen for respondent, appellant.*

*No counsel for appellee.*

WALKER, J. This is a petition for a writ of *habeas corpus* to determine the custody of a child eight years of age, heard by his Honor, W. M. Bond, at December Term, 1921, of Wake Superior Court. The petition was filed by Mrs. Christine Muse, mother of the child, Natalie Blake, against Hubert M. Blake, the child's father.

The court rendered judgment awarding the custody of the child to the mother, and directing the payment of $15 per month by the father to the mother to be applied to the child's support. The respondent excepted to this order, and appealed. The order is set out in full in the record.

The court finds, among other facts, that on 28 April, 1919, the petitioner was granted an absolute divorce from the respondent, Hubert M. Blake, in the Superior Court of Mecklenburg County, North Carolina, and that no order has ever been made in said action for the custody of the child, Natalie Blake.

The exceptions to the order entered in this cause are based upon the following grounds:

1. Want of jurisdiction to determine the custody of the child.

2. Want of power to order respondent to contribute to the support of the child.

By C. S., 1664, it is provided that, "After the filing of a complaint in any action for divorce, whether from the bonds of matrimony or from bed and board, both before and after final judgment therein, it is lawful for the judge of the court in which such application is or was pending to make such orders respecting the care, custody, tuition, and maintenance of the minor children of the marriage as may be proper, and from time to time modify or vacate such orders, and may commit their custody and tuition to the father or mother, as may be thought best; or the court may commit the custody and tuition of such infant children, in the first place, to one parent for a limited time, and after the expiration of that time, then to the other parent, and so alternately: *Provided,* that no order respecting the children shall be made on the application of either party without five days notice to the other party, unless it shall appear that the party having the possession or control of such children has removed or is about to remove the children, or himself, beyond the jurisdiction of the court." See *Howell v. Howell,* 162 N. C., 287. Except as between parents, the right of custody of a child cannot be determined by writ of *habeas corpus.* C. S., 2241; *In re Parker,* 144 N. C., 170. And it is essential that the parents must be living in a state of separation "without being divorced" before the court has power in a *habeas corpus* proceeding to determine the custody of a child. Such power is based upon C. S., 2241, which provides: "When a contest shall arise on a writ of *habeas corpus* between any husband and wife, who are living in a state of separation, *without being divorced,* in respect to the custody of their children, the court or judge, on the return of such writ, may award the charge or custody of the child or children so brought before it either to the husband or to the wife, for such time, under such regulations and restrictions, and with such provisions and directions as will, in the opinion of such court or judge, best promote the interest and welfare of the children. At any time after the making of such orders the court or judge may, on good cause shown, annul, vary, or modify the same." (Italics ours.)

When this statute is considered in connection with C. S., 1664, quoted *supra,* it becomes apparent the Legislature intended that the custody of children, where there had been a divorce of the parents, shall be determined by the court in which the divorce is granted, and, where there is no divorce, by proceedings in *habeas corpus.* Jurisdiction of the court in which a divorce is granted to award the custody of a child is exclusive and continuing. *In re Krauthoff* (Mo.), 177 S. W., at p. 1118. The Court held in the case of *In re Morgan,* 21 S. W. (Mo.), 1122, construing a divorce statute similar to ours, that pending a suit for divorce in a court having jurisdiction of the parties and subject-matter, another court will not interfere by writ of *habeas corpus* with either party's possession of their children, "notwithstanding Rev. Stat., sec. 5415, which provides that in all proceedings on *habeas corpus* between husband and wife, for the custody of their children, the court may award the custody to the complainant or other guardian as shall be deemed best."

Under our statute, C. S., 1664, a divorce suit is pending for the purpose of an order as to the custody of children after as well as before final judgment. This statute expressly vests in the divorce court the power to award the custody of children, and from time to time to modify or vacate its orders, and the necessary implication is that this jurisdiction is exclusive. It is said in Corpus Juris, p. 341, that "this jurisdiction continues during the state of minority, and is subject to be invoked at any time within that period, and will not be interfered with by process issuing out of other courts." In *Page v. Pope,* 166 N. C., 90, an action for divorce from bed and board was pending between the parents of an infant child and a dispute arose as to the custody of the child. The mother filed a petition for a writ of *habeas corpus.* In holding that the remedy was by motion in the divorce cause, the *Chief Justice* said: "Indeed, if for any reason the plaintiff had been entitled to an order for the custody of the child, pending the appeal, and had been living in this State, she should have proceeded by a motion in the cause before the court below, and a writ of *habeas corpus* did not properly lie in any event." It was suggested on the argument, and it may be with some show of reason, that if jurisdiction to pass upon the custody of the child is not exclusively in the court in which the divorce decree was granted, it would appear to reside in the juvenile court under the provisions of C. S., 5039 *et seq.,* the appellant relying strongly on *In re Hamilton,* 182 N. C., 44.

In general, the only object of a writ of *habeas corpus* is to set at large the person illegally restrained of his liberty. But in the case of a child, the court is permitted to go further and fix the custody of the child. We do not find that the power of the court has ever been held to extend beyond this limit, and to give other relief for its advancement and bene-

fit (*In re Samuel Parker,* 144 N. C., 170; 12 Ruling Case Law, p. 1253),
and its special powers with respect to controversies relating to children,
their custody, support, etc., comes to it from statutory provisions, for,
as was well and wisely said by *Justice Hoke,* in the case of *In re Samuel
Parker, supra,* at p. 175, in his opinion (the writer of this opinion
having concurred therein): "Section 1853, Revisal, was enacted to
enable the court to make proper regulations as to the care and custody
of children as between husband and wife who are living in a state of
separation without being divorced. It seems to be confined to such
cases, and has, to my apprehension, no perceptible bearing on the case
before us."

While we therefore arrive at the conclusion that the judge below had
no jurisdiction or power to proceed in this matter, but that the jurisdic-
tion belonged solely to the Superior Court of Mecklenburg, where the
parents were divorced, by force of the express provisions of the statute,
we must decide what should be done with the child until the court which
granted the divorce can assume its proper jurisdiction and award its
custody, provide for its support, and make such other orders and direc-
tions for its care and protection as may be called for in the premises.

It is further pertinently said by *Justice Hoke,* in the *Samuel Parker
case, supra:* "The authorities are to the effect that in this country the
disposition of the child rests in the sound legal discretion of the court,
and that it will be exercised as the best interest of the child may require.
*Newsome v. Bunch,* 142 N. C., 19; Tiffany on Persons and Domestic
Relations, p. 308; Shouler on Domestic Relations, sec. 240. The best
interest of the child is being given more and more prominence in cases
of this character; and, on special facts, has been made the paramount
and controlling feature in well considered decisions. *Bryan v. Lynn,*
104 Ind., 227; *In re Welsh,* 74 N. Y., 299; *Kelsey v. Greene,* 69 Conn.,
291. Again, I think it is well established that while, in *habeas corpus*
proceedings concerning the custody of children, the power of the court
is ordinarily restricted to freeing them from illegal restraint and allow-
ing them to select their placing, or go where they please, that this is
only true where the child, in a given case, is of years of discretion and
sufficient intelligence to determine the question for itself; and where it
is otherwise, when the child is not of proper age or sufficient intelligence
to determine for himself, the court must decide for him, and make orders
for his being placed in proper custody," citing *Musgrove v. Kornegay,*
52 N. C., 73; *In re Wollstonecraft,* 4 Johnston Chan., 79; *Mayne v.
Baldwin,* 5 N. J. Eq., 454; Church on Habeas Corpus, sec. 439; 15
A. & E., p. 185, note 5.

We are of the opinion, therefore, that under our general powers, as de-
fined in the Constitution, Art. IV, sec. 8, which confers jurisdiction upon

this Court to issue any remedial writs (or process) necessary to give it a general supervision and control over the proceedings of the inferior courts, we are not compelled, while reversing the judge's order in this case—for want of special jurisdiction to make and enforce—to transfer the custody of the child to the respondent, but having the good of the child constantly before us, we may make such order for its custody and care temporarily, and until proper application may be seasonably made by the petitioner, the mother of the child—which child is of tender years, and too young to act discreetly for itself—to the Superior Court of Mecklenburg County for such order as it may see fit to make regarding the custody and support of the child; and, meanwhile, we direct that the mother retain custody of the child until her application can be heard and passed upon by the said court. The mother's application to the said court will be made on the first day of the next term of the Superior Court of Mecklenburg County, or at such other time and place as that court may then direct it to be heard, but at least ten days notice of said application shall be given before the first day of the next term of said court to the respondent.

The judgment of the court below will be reversed, subject to the temporary provision herein made for the custody of the child, pending the further litigation of the matter.

The plaintiff will pay the costs of this Court in the appeal, but without prejudice to any application she may make to the Superior Court of Mecklenburg County to determine the ultimate payment of the same, and to make any other orders or provisions which may be proper and according to law.

Error.