IN RE MRS. MARY Y. BARKER.

(Filed 4 November, 1936.)

1. **Clerks of Court A b—Legislature has power to provide that assistant clerks may perform statutory duties of clerks.**

While the clerk of the Superior Court is a constitutional officer, the duties of clerks are prescribed by statute, with the exception of the duty to fill vacancies in the office of justice of the peace by appointment, and the Legislature, as creator of the statutory duties of clerks, may prescribe that such duties may be performed by assistant clerks, N. C. Code, 934 (a), *et seq.,* ch. 32, Public Laws of 1921, and an attack upon the appointment of a guardian for an incompetent by an assistant clerk on the ground that the statute delegating the powers of clerks to assistant clerks is unconstitutional is untenable.

**2. Insane Persons C a—Service of summons is not necessary to appointment of guardian for incompetent.**

Where a person has been adjudged an incompetent at a hearing upon a petition and answer properly filed after service of notice and a copy of the petition upon the alleged incompetent, N. C. Code, 2285, the service of summons upon the incompetent or her guardian *ad litem* is not necessary to the appointment of a guardian for the incompetent, since the service of notice and petition under the provisions of the statute serves every function of a summons, and since the acceptance of service or notice and the filing of an answer to the petition by the guardian *ad litem* waives any further service of summons or notice.

**3. Same—Failure to notify relatives of alleged incompetent of hearing is an irregularity, but does not render appointment of guardian void.**

While the failure to notify the relatives of an alleged incompetent of the hearing to determine her competency is an irregularity, C. S., 2156, such irregularity does not render the appointment of a guardian in the proceedings void, but gives the relatives an opportunity to attack such appointment, and where, upon such attack, the court finds upon supporting evidence that the guardian appointed is a fit and suitable person, the relatives are not entitled to the removal of the guardian.

**4. Same: Attorney and Client C b—Evidence held to support finding that same attorney did not act for adversary parties.**

Movants attacked the appointment of a guardian for an incompetent in this proceeding on the ground that the same attorney acted for both the guardian *ad litem* and the original petitioner who was later appointed guardian. The trial court found upon supporting evidence that the attorney for the original petitioner merely assisted the guardian *ad litem* in drawing the answer to the petition as a matter of courtesy, that the answer drawn denied all the material allegations of the petition and fully protected the rights of the alleged incompetent, and that at no time did the attorney for petitioner act or attempt to act as counsel for the alleged incompetent or her guardian *ad litem*. *Held:* The findings, supported by evidence, sustain the court's ruling refusing to remove the guardian on the ground that the same attorney acted for both the petitioner and the guardian *ad litem*.

**5. Evidence H a—Testimony of declarations in this case held properly excluded as hearsay.**

The relatives of an incompetent moved for the removal of the guardian on the ground that he was supporting the incompetent from her own estate while under a personal obligation to support her under the terms of a prior contract with her. The only evidence of the alleged contract offered was testimony that the wife of the guardian had stated prior to her death that she and her husband were to take care of the incompetent for her life in consideration of certain real estate theretofore deeded to them, and testimony that the incompetent, prior to the adjudication, had stated that she was to be taken care of by the guardian and his wife as long as she lived. *Held:* The evidence was properly excluded upon objection as hearsay, the testimony not coming within any recognized exception to the general rule.

CLARKSON, J., took no part in the consideration or decision of this case.

_____

IN RE BARKER.

_____

APPEAL by the petitioners and movants in the cause from *Alley, J.,* at May Term, 1936, of ROWAN. Affirmed.

*Tillett, Tillett & Kennedy for petitioners and movants, appellants.*
*Stahle Linn and T. G. Furr for respondent, appellee.*

SCHENCK, J. This is an appeal by the petitioners and movants from a judgment entered by the judge presiding affirming judgment of the clerk of the Superior Court denying the petition and motion in the cause to have the appointment of E. L. McAlister as guardian of Mrs. Mary Y. Barker declared void, and to remove him as guardian and have another guardian or trustee appointed for Mrs. Barker in his stead.

It is admitted by the parties that the hearing preceding the appointment of the guardian was conducted by Blanche Lampert, assistant clerk of the Superior Court of Rowan County, and that the order appointing such guardian was made by said assistant clerk. The petitioners assail by proper exceptive assignments of error this appointment and contend that it is void for the reason that sections 934(a) *et seq.,* N. C. Code of 1935 (Michie) (Chap. 32, Public Laws 1921), authorizing the appointment of assistant clerks of the Superior Court contravenes the Constitution of North Carolina. It is the contention of the appellant that since the office of clerk of the Superior Court is a constitutional office, the powers and duties of that office cannot be delegated or given to another by legislative enactment. Such might be true if such powers and duties were given to and fixed for the clerks of the Superior Court by the Constitution, but not so when such powers and duties exist only by virtue of statute. Powers and duties which are creatures of the legislature may be taken away, modified, or given concurrently to others by the same power that creates them. The creatures are not beyond the control of their creator. An examination of the Constitution of North Carolina reveals the fact that the only power or duty of a clerk of the Superior Court mentioned therein is in Article IV, section 28, which provides that vacancies in the office of justice of the peace shall be filled by appointment by the clerk of the Superior Court, and this function of the office, we apprehend, must still be performed by the clerk alone. Many of the powers and duties of clerks of the Superior Court are enumerated in section 938 of the Consolidated Statutes. These are given and fixed by legislative enactment, and there is no constitutional barrier to the Legislature's taking away, adding to, or modifying them; or authorizing them to be exercised and performed by another. The Legislature exercised this latter authority when it provided that upon appointment and qualification of an assistant clerk he "shall be as fully authorized and empowered to perform all the duties and functions of the office of clerk of the Superior Court as the clerk himself."

We are of the opinion, and so hold, that the statute, ch. 32, Public Laws 1921, authorizing the appointment of assistant clerks of the Superior Court and authorizing them to perform the duties and functions of the office of the clerk of the Superior Court was a valid and constitutional exercise of the legislative power of the General Assembly of North Carolina, and that the assignments of error assailing such enactment were properly overruled.

The appellants assail by proper assignments of error the proceeding in which the guardian was appointed for the reason that no summons was issued and served upon the alleged incompetent or her guardian *ad litem*. Section 2285, N. C. Code of 1935 (Michie), under which this proceeding was instituted, provides that "any person, in behalf of one who is deemed an . . . incompetent from want of understanding to manage his own affairs . . . may file a petition before the clerk," and, after such petition has been filed, the clerk, upon notice to the supposed incompetent, shall issue an order to the sheriff commanding him to summon a jury of twelve men to inquire into the state of such alleged incompetent. The record discloses that such a petition was filed and such a notice signed by the clerk was served on Mrs. Mary Y. Barker, the alleged incompetent, by the sheriff of Rowan County, and that she was thereby notified to appear before the clerk at the time and place named, if she so elected, to present evidence touching her competency to manage her affairs, and to show cause, if any she had, why the prayer for the appointment of a guardian of her affairs contained in the petition should not be granted. The notice served on Mrs. Barker was accompanied by a copy of the petition.

The question as to whether this proceeding be *ex parte* or adverse is immaterial, since the effect of the statute (C. S., 2285) is to provide that the proceeding may be commenced by the filing of the petition, and that the inquisition may be held upon the notice therein provided being served upon the alleged incompetent, thereby dispensing with the necessity of issuing a summons. The notice to the incompetent to appear at a time and place named to present evidence and show cause, if any she could, why she should not be declared incompetent served every function of a summons.

Any further summons or notice was waived by the guardian *ad litem* not only by the following words: "I do hereby accept service of the petition in this cause, and do hereby waive any and all other notice of service thereof," but also by the actual filing of an answer to the petition.

The assignments of error based upon refusal of the court to remove the guardian for the reason that no summons had been issued and served were properly overruled.

The appellants by proper assignments of error assail the appointment of E. L. McAlister as guardian for Mrs. Barker because the clerk failed to notify the relatives of the alleged incompetent of the proposed hearing to determine her competency to attend to her own affairs, as is provided in C. S., 2156. While this failure may have constituted an irregularity, it did not render the appointment of the guardian void. *In re Parker,* 144 N. C., 170. The effect of the irregularity was to prevent the appointment from being conclusive as to such relatives, and to give to them an opportunity to attack such appointment which they, as movants in this cause, have done. However, the court, upon consideration of the evidence offered, has found that the guardian appointed is a fit and suitable person, and that the movants have failed to show sufficient grounds for his removal. These assignments of error cannot be sustained.

The appellants by proper assignments of error assail the appointment of the guardian upon the alleged ground that the same attorney who acted for the original petitioner, who was appointed guardian, acted likewise for the guardian *ad litem.* The judge made the following additional finding of fact: "4. That in the drafting of said answer the said Ira R. Swicegood, guardian *ad litem,* received the assistance of T. G. Furr, Esq., attorney for E. L. McAlister, the said Ira R. Swicegood and T. G. Furr occupying adjoining offices; that such assistance as was rendered by the said T. G. Furr, Esq., was done as a matter of professional courtesy, common and general in the practice of the profession, and at no time did the said T. G. Furr, Esq., act, or attempt to act, as counsel for the said Ira R. Swicegood, guardian *ad litem,* or his ward, Mrs. Mary Y. Barker, and the court further finds as a fact that the answer of the said guardian *ad litem* is a proper answer in the cause and fully protects her rights and interests." The answer filed by the guardian *ad litem,* which denied every material allegation of the original petition and prayed "that the relief demanded in the petition be denied," together with the evidence in the cause, was sufficient to support the foregoing finding of fact by the judge, and his finding is therefore affirmed, and the assignments of error based upon the contention that the guardian *ad litem* acted for both parties are overruled.

The appellants by proper assignments of error assail the appointment of E. L. McAlister as guardian of Mrs. Mary Y. Barker upon the ground that he is disqualified to act as such guardian by reason of the existence of a contract between him and Mrs. Barker whereby he is obligated to support her during her life, and that he, as guardian, is now supporting her out of her own funds. Practically the only evidence offered of the existence of such contract was that tending to show that Mrs. Carrie Young McAlister, wife of E. L. McAlister, prior to her death in 1931, had stated that she and her husband were to take care of

Mrs. Barker as long as she lived in consideration of certain real estate deeded to her by Mrs. Barker, and that Mrs. Barker had stated that she was to be taken care of by Mr. and Mrs. McAlister as long as she lived. Upon objection, this evidence was excluded. This ruling was manifestly correct, since the evidence was clearly hearsay, and comes within none of the recognized exceptions to the rule that hearsay evidence is inadmissible. These assignments of error were properly overruled.

We have considered the 34 assignments of error, covering the 69 exceptions in the record, and are of the opinion that there was sufficient evidence to support the findings of fact by the clerk, and the additional findings of fact by the judge, and that these findings support the conclusion and judgment of his Honor "that the said E. L. McAlister is the duly and regularly appointed guardian for Mary Y. Barker in a proceeding properly instituted and conducted, and that the said E. L. McAlister is a fit and suitable person to act as said guardian and has properly discharged his duties as such."

The judgment of the Superior Court is
Affirmed.

CLARKSON, J., took no part in the consideration or decision of this case.