# Watts *et al. v.* Burgess & Co.

*Bill in equity to Set Aside Conveyance as Fraudulent.*

1. *Fraudulent conveyance; chancery practice; parties to bill.*—On a bill filed against a debtor and his wife, to have a deed set aside as fraudulent and the property conveyed therein subjected to the payment of a debt antedating the execution of the conveyance, where it is shown that the debtor owned an undivided one third interest in a certain tract of land, and upon a partition of said land, the said debtor and his co-tenants, in pursuance of an agreement between them, executed a quit claim deed of the part apportioned to said debtor to his wife, which was the deed sought to be set aside and annulled, it is not necessary to make the other tenants in common of the original tract parties defendant to such bill; since being wholly without interest in the suit, they are neither necessary or proper parties.

APPEAL from the Chancery Court of Marengo.

Heard before the Hon. THOS. H. SMITH.

The bill in this case was filed by the appellee, D. R. Burgess & Company, as creditors of G. A. Watts, against the appellants, G. A. Watts and Mary E. Watts, his wife, and sought to have a certain deed executed to the wife set aside and annulled, and the property conveyed thereby subjected to the payment of complainant's debts. The facts as averred in the bill are sufficiently stated in the opinion.

The respondent demurred to the bill upon the ground that all proper and necessary parties respondent, were not joined, and that C. H. Miller and E. R. Bradford were not made parties defendant.

On the submission of the cause on this demurrer, the chancellor rendered a decree overruling it. From this decree the defendants appeal, and assign the rendition thereof as error.

[Watts *et al.* v. Burgess & Co.]

MILLER & KIRVEN, for appellant, cited *Chapman v. Hamilton*, 19 Ala. 121; *Gould v. Hayes*, 19 Ala. 438; *Watts v. Gayle*, 20 Ala. 817; *Toulmin v. Hamilton*, 7 Ala. 362.

WILLIAM CUNNINGHAME, *contra*, cited 3 Brick. Dig. 368, §§ 1, 2; 5 Encyc. P. & P., 547; 15 Encyc. P. & P. 590, 596; *McGhee v. Alexander*, 104 Ala. 116; *Campbell v. Davis*, 85 Ala. 56; *Sides v. Scharff Bros.*, 93 Ala. 106; *Vandeford v. Stovall*, 117 Ala. 344.

TYSON, J.—The case, as made by the bill, is this: Appellant, G. A. Watts, at the date of contracting the debt with the complainants, was the owner of an undivided one-third interest in a certain tract of land, as tenant in common, with C. H. Miller and E. R. Bradford. A partition of the land was agreed upon, and in pursuance of this agreement, Watts, Miller and Bradford executed to Mrs. Watts, the other appellant, wife of G. A. Watts, a quitclaim deed to that portion of the tract apportioned her husband in the partition. The complainants seek to subject this portion of the land conveyed by the quitclaim deed, to the satisfaction of ther debt, by having the deed declared fraudulent. The single objection taken to the bill, by demurrer, proceeds upon the ground that Miller and Bradford are necessary parties. In support of this objection, it is contended that in the event the deed is set aside as fraudulent and the lands subjected to the payment of the complainant's debt, Watts would then own an undivided one-third interest in the lands formerly owned by the three as tenants in common, and that interest would be further subject to the payment of his debts. In other words, the result of the contention is, that should the deed to Mrs. Watts be declared fraudulent, the partition of the lands by the parties would be destroyed; and the original status of the parties in respect to their ownership in common would be restored.

The partition between the parties and the deed executed in pursuance thereto, are binding *inter partes*, and its binding efficacy is in no wise impaired by the

success of the complainants in subjecting the lands to the payment of their debt. Miller and Bradford effectually and irrevocably conveyed by the deed all interest they had in the land to Mrs. Watts.—3 Brick. Dig. 514, § 105. As the deed contains no covenants of warranty, but is simply a quitclaim to her of their interest, no interest of theirs can possibly be affected by the decree to be rendered in the cause. There is no pretense that they are in any way liable for the debt sought by the bill to be enforced, nor does the bill seek to reach an undivided one-third interest in the entire tract. On the contrary, the complainants, as we have said, seek only to subject that portion or share partitioned to Watts, their debtor. This is in effect a recognition by the complainants of the validity of the partiton, and a ratification by them of it.

Miller and Bradford being wholly without interest in the suit, are neither necessary nor proper parties.— 3 Brick. Dig. 368, §§ 1 and 2.

The decree overruling respondent's demurrer must be affirmed.