IN THE MATTER OF THE CUSTODY OF KATHERINE TENHOOPEN, MINOR.

(Filed 17 February, 1932.)

1. **Courts A a—Respondent's motion for removal of hearing for custody of minor child to juvenile court held properly denied.**

    Where the father of a minor child brings a writ of *habeas corpus* in the Superior Court for the custody of the child, the respondent being the maternal grandmother of the child in whose care the child was left by its mother, the writ is governed by the provisions of C. S., 2241 and the Superior Court has original jurisdiction, and the respondent's motion to transfer the hearing from the Superior Court to the juvenile court is properly overruled. C. S., 5039(3).

2. **Parent and Child A c—The contest in this case was in effect between husband and wife for custody of minor child and C. S., 2241 applied.**

    Where a minor child is left in the care of its maternal grandmother by its mother while she went to another state in order to establish residence for bringing divorce proceedings, and the father of the child brings a writ of *habeas corpus* against the grandmother for the custody of the child: *Held*, the contest is to all intents and purposes between the husband and wife for the custody of the child and the writ comes within the spirit and letter of C. S., 2241, giving the Superior Court jurisdiction to award the custody of the child under the provisions of the statute.

3. **Same—The father is the natural guardian of his child and is ordinarily entitled to its custody.**

    It is the moral and legal duty of a father to support and educate his children, and, as a general rule, he is the natural guardian of his children and is entitled to the custody and control of his children against all the world.

APPEAL by Mrs. E. T. Harmon, respondent, from *Sink, J.,* 14 July, 1931. From GUILFORD. Affirmed.

This is a case heard before his Honor, H. Hoyle Sink, judge, upon writ of *habeas corpus,* in which the petitioner, Paul E. TenHoopen, father of the minor in question, asked that the custody of his child, Katherine TenHoopen, a minor child five years of age, be awarded to him. The child being at the time of the issuing of the writ in the custody of the respondent, Mrs. E. T. Harmon, the maternal grandmother of the child, who lives in High Point, North Carolina, the petitioner being a resident of the city of Cleveland, State of Ohio, where he was transferred by his employer, the Cyclone Fence Company. He formerly owned a home in Charlotte, N. C., where he and his wife and children resided.

The court below found the facts and rendered judgment as follows: (a) That the minor, Katherine TenHoopen, heretofore declared by the court to be in its custody, was left by its mother, Katherine TenHoopen, with its maternal grandmother, Mrs. E. T. Harmon, of High Point, N. C., while she, the mother, went to the State of Nevada for the purpose of establishing a residence and obtaining a divorce from the petitioner herein. (b) That the maternal grandmother, Mrs. E. T. Harmon, is a woman of the highest character and has the absolute confidence of the court, and is financially and otherwise capable and willing to care for and rear said minor. (c) That the petitioner, Paul E. TenHoopen, being the father of the minor, Katherine TenHoopen, is able and worthy of the custody of said minor. Wherefore, it is ordered, adjudged and decreed that the custody of the minor, Katherine TenHoopen, be awarded to the father, Paul E. TenHoopen, upon the following conditions: (1) That the petitioner, Paul E. TenHoopen, before receiving the custody of Katherine TenHoopen, shall file a bond, to be approved by the clerk of the Superior Court of Guilford County, with said clerk of the Superior Court of Guilford County, providing for its forfeiture in the event of the petitioner's, Paul E. TenHoopen's, failure to return the minor, Katherine TenHoopen to the jurisdiction of this court upon thirty days' notice at any time within the period of three years from this date, and providing further that the petitioner, Paul E. TenHoopen, and others in whose custody he may leave said minor, will permit said minor to be returned to High Point, N. C., to be placed in the custody of Mrs. E. T. Harmon, for such part or all of the vacation period beginning fifteen days after the close of her school and to be returned to the residence of the petitioner within fifteen days prior to the opening of the fall term of the school, to which said minor shall go, the child to be at all times in the legal custody of Mrs. E. T. Harmon during her stay in

North Carolina, and shall be brought to and from North Carolina at the expense of said Mrs. E. T. Harmon. (2) It is further provided that either parent of said Katherine TenHoopen shall be permitted to see the said minor at all reasonable and convenient times during the life of this order regardless of whether she be, for the time being, in the custody of her father, Paul E. TenHoopen, or in the temporary custody of her grandmother, Mrs. E. T. Harmon. (3) Pending the filing of the bond as herein provided for, the petitioner being allowed thirty days to file same, and the appeal, if any, to the Supreme Court of North Carolina, the custody of the child is temporarily awarded to Mrs. E. T. Harmon.

The respondent made numerous exceptions and assignments of error and appealed to the Supreme Court.

*Gold, York & McAnally and D. H. Parsons for respondent, Mrs. E. T. Harmon.*
*Stancill & Davis for petitioner.*

CLARKSON, J. We think the only material exception and assignment of error made by respondent, is as follows: "That the court below overruled the written motion of the respondent to transfer the hearing and controversy relative to the custody of the minor child to the Juvenile Court of the city of High Point." We do not think this exception and assignment of error on the part of the respondent, the maternal grandmother of the child, can be sustained on the facts of this record. The respondent contends that C. S., 5039 is applicable. We cannot so hold.

This statute is in part, as follows: "The Superior Courts shall have exclusive original jurisdiction of any case of a child less than sixteen years of age residing in or being at the time within their respective districts: (3) Who is dependent upon public support or who is destitute, homeless, or abandoned, or whose custody is subject to controversy. When jurisdiction has been obtained in the case of any child, unless a court order shall be issued to the contrary, or unless the child be committed to an institution supported and controlled by the State, it shall continue for the purpose of this article during the minority of the child. The duty shall be constant upon the court to give each child subject to its jurisdiction such oversight and control in the premises as will conduce to the welfare of such child and to the best interests of the State."

The above statute has been so often discussed that we refer to some of the cases: *In re Hamilton,* 182 N. C., 44, S. c., 183 N. C., 57, petition to rehear dismissed; *In re Blake,* 184 N. C., 278; *In re Coston,* 187 N. C., 509. It may be noted in the *Hamilton case, supra,* that the

mother of the child was dead. Under the facts and circumstances of this case, we think that this writ of *habeas corpus* comes within the spirit, as well as the letter, of section 2241, which is as follows: "When a contest shall arise on a writ of *habeas corpus* between any husband and wife, who are living in a state of separation, without being divorced, in respect to the custody of their children, the court or judge, on the return of such writ, may award the charge or custody of the child or children so brought before it either to the husband or to the wife, for such time, under such regulations and restrictions, and with such provisions and directions as will, in the opinion of such court or judge, best promote the interest and welfare of the children. At any time after the making of such orders the court or judge may, on good cause shown, annul, vary or modify the same; provided, that where the father is a nonresident of North Carolina and the custody of the child has been awarded, by an order of a court of this State, to the mother who is a resident of North Carolina, no motion on the part of such nonresident father may be heard or entertained by the court for a modification of the order of the court, unless such father has first shown under oath that, since the making of the original order, he has regularly contributed to the support of said child according to his means and according to the needs of the child, and, if said motion is heard and at said hearing such fact is not established to the satisfaction of the court, the motion for a modification of the order shall be denied, unless the court shall find that, at the time of said hearing the mother is not a fit and proper person to have the custody of said child. *Provided*, that this act shall only apply after the case has been reopened on time."

The child was in the constructive custody of the wife, the actual or temporary custody being in the maternal grandmother, as agent of the wife. We think this, to all intents and purposes, a contest between the husband and wife for the custody of the child, and comes within the statute. C. S., 2241, *supra*. The whole matter has been gone into thoroughly in a similar case, and we see no reason to repeat. *Clegg v. Clegg*, 186 N. C., 28, *S. c.,* 187 N. C., 730.

We think there was sufficient competent evidence to sustain the findings of fact by the court below. Taking the evidence unobjected to on the record, we think it sufficient for the court below to base its findings of fact and conclusions of law. If the evidence was incompetent in reference to the wife, we think it immaterial. We hold that the father is the natural guardian of his children, and as a general rule and at common law has the paramount right to the custody and control of his children against all the world. It is the moral and legal duty of the father to provide for the protection, maintenance and education of his

children. *Newsome v. Bunch,* 144 N. C., 15; *In re Turner,* 151 N. C., 474; *In re Means,* 176 N. C., at p. 307.

*In re Means, supra,* at p. 313, it is said: "In *Newsome v. Bunch,* 144 N. C., 15 (*S. c.,* 142 N. C., 19), the child was awarded to a non-resident father, who had shown that he was worthy and in every way qualified to care for it, and a like principle is approved and applied elsewhere in well considered cases. *Ex Parte Davidge,* 72 S. C., 16; *Wood v. Wood,* 5 Paige Chan., 596; 29 Cyc., 1600. It may be well to note that on a hearing of this kind the judgment is not intended to be a final determination of the rights of the parties touching the care and control of the child, but, on a change of conditions, properly established and in the courts of the mother's domicile or other courts having jurisdiction, the question may be further heard and determined. 29 Cyc., 1605, citing *McGouch v. McGouch,* 126 Ala., 170, and other cases."

In Peck, Domestic Relations, 3d ed. (1930), chap. 18, p. 371, sec. 30, it is said: "The father has at common law the unquestioned right of custody and control over his minor children as against the mother, and still more clearly as against any third person." *Patrick v. Bryan, ante,* 62.

We see no reason to disturb the judgment of the court below. *In re Blake,* 184 N. C., 278. The judgment is

Affirmed.