JOHN S. McEACHERN, JR., PETITIONER, APPELLEE, v. PHYLLIS ALBRIGHT McEACHERN, RESPONDENT, APPELLANT.

(Filed 20 May, 1936.)

1. **Habeas Corpus B a—Denial of motion for change of venue of habeas corpus proceeding is not reviewable.**

Since any judge of the Superior Court or Justice of the Supreme Court has the power to issue a writ of *habeas corpus* at any time or any place, N. C. Const., Art. I, sec. 21; C. S., 2208, 2210, he has the discretionary power to make the writ returnable at such place as he may determine, which discretion will not be reviewed in the absence of a showing of abuse or failure to afford full opportunity to be heard, and therefore an exception to the refusal of a motion for change of venue of *habeas corpus* proceedings cannot be sustained. Statutes as to venue, C. S., 463, *et seq.,* all refer to "actions" and have no application to *habeas corpus* proceedings.

2. **Appeal and Error J c—**

The findings of fact by the court in proceedings in *habeas corpus*, to determine the custody of minor children of the parties, are conclusive when based on evidence.

3. **Habeas Corpus A b: Parent and Child A c—**

Where the parents are separated but not divorced, the right to the custody of the children of the marriage may be determined by a writ of *habeas corpus.* C. S., 2241.

MCEACHERN *v.* MCEACHERN.

**4. Parent and Child A c—Decree awarding, in effect, custody of child to paternal grandparents as against mother, held error.**

In this proceeding to determine the custody of minor children as between their parents, the trial court found that their father was a suitable person to have their custody so long as they remained in the home of their paternal grandparents, and that their mother was a suitable person to have their custody so long as they remained in the home of their maternal grandmother, and entered judgment that the children should stay in the home of their paternal grandparents for nine months of each year comprising the county school term, and that they should stay in the home of their maternal grandmother for the balance of each year, the court finding that this arrangement was to the best interests of the children. It appeared that their father did not live in the home of his parents, but that their mother did live in the home of her mother. *Held:* The decree in effect awarded the custody of the children for nine months of each year to their paternal grandparents, and the findings are insufficient to support the decree denying their mother the custody of the children for nine months of each year, and the cause is remanded for further findings of fact.

STACY, C. J., concurring in part and dissenting in part.

CONNOR, J., concurs in opinion of STACY, C. J.

APPEAL by respondent from an order entered by *Cranmer, J.,* at Chambers in Southport, North Carolina, 15 February, 1936, as of 12 October, 1935. Remanded.

This was a proceeding under C. S., 2241, to determine the custody of the two small children of petitioner and respondent.

At the instance of petitioner, John S. McEachern, a writ of *habeas corpus* was issued out of New Hanover Superior Court by Cranmer, J., on 24 September, 1935, commanding the respondent, Phyllis Albright McEachern, living in Raleigh, North Carolina, to produce the said children before him in Southport, North Carolina, on 28 September, 1935.

It was admitted that petitioner and respondent were married in 1928, and that at the time of the issuance of the writ herein they were living separate and apart from each other, without being divorced.

There was a motion by respondent to remove the proceeding and the hearing to Wake County, where the respondent resides, on the ground that the petitioner was not a resident of New Hanover County nor of any county in the Eighth Judicial District, and also for the convenience of witnesses and parties. This motion was overruled and respondent excepted.

It was in evidence at the hearing that after their marriage in 1928 the petitioner and respondent lived in the home with respondent's parents in Raleigh, where both of said children were born. Since said marriage respondent's father, Major R. Mayne Albright, has died.

McEachern *v.* McEachern.

In May, 1934, petitioner and respondent separated. By agreement, the custody of the children was granted the mother, the father agreeing to contribute a certain amount to their support, which he failed to do; that in November, 1934, petitioner and respondent were reconciled and lived together in Charlotte, North Carolina, until April, 1935, when respondent returned with the children to her mother's home in Raleigh; that in May, 1935, she and the children went with petitioner's father to the latter's home in Wilmington, North Carolina, where they remained until 29 June, 1935, when respondent went to New York to get a position. She returned to Raleigh 6 September, and on 9 September, 1935, went to Wilmington and obtained possession of the children in the absence of petitioner's father and returned with them to Raleigh, where they remained with their mother at the home of their grandmother until the institution of this proceeding. One of the children is three years of age and the other six.

There was evidence that petitioner had lived elsewhere than Wilmington continuously during the entire period referred to, except for occasional visits to his parents, and that since November, 1934, he has been living in Charlotte and at the O'Henry Hotel in Greensboro, engaged in the insurance business, though claiming Wilmington as his residence.

There was abundant evidence that both petitioner and respondent are of excellent character.

After hearing the evidence, the judge below found facts and rendered judgment thereon as follows:

"1. The respondent requested a continuance, which was granted prior to filing her motion to remove.

"2. The court finds that there are no grounds for the removal of the case to Wake County, and the motion to remove is denied.

"3. The court finds that the petitioner, John S. McEachern, Jr., and the respondent, Phyllis Albright McEachern, are married, but living in a state of separation, and that there is no probability of reconciliation.

"4. That the petitioner and the respondent are the parents of two children, Nancy and John S. McEachern, III.

"5. That the separation agreement entered into between the parties was subsequently dissolved by the parties voluntarily resuming the relationship of husband and wife, and living together.

"6. That after the children were placed in the home of the father of the petitioner, and in his care and custody, that the respondent went to New York and remained until 6 September, when, being unable to find a position, she returned to the home of her mother in Raleigh.

"7. That the respondent, without the knowledge or consent, but contrary to the desire of the petitioner, went to the home of the father of the petitioner, where the children were in the legal custody of petitioner,

and surreptitiously and in the absence of both grandfather and grandmother took the children and carried them to the home of her mother, in Raleigh, N. C.

"8. The court finds as a fact that the petitioner is a fit and suitable person to have the custody of said two children only so long as they remain in the home of their paternal grandfather, John S. McEachern, Sr., of the city of Wilmington, N. C. The court finds as a fact that John S. McEachern, Sr., and his wife, have a Christian home in the city of Wilmington, and that it is a fit and suitable place for children of the age of petitioner's children to reside in, and to be reared in, and that the petitioner, with the assistance of his father, is amply able to provide for and maintain the said children.

"9. The court finds as a fact that the respondent is a fit and suitable person to have the custody of the children only so long as they remain in the home of her mother, Mrs. R. M. Albright, in the city of Raleigh, N. C. The court finds as a fact that Mrs. Albright has a Christian home, and that it is a suitable place for the said two children to reside in, and to be reared in, and that Mrs. Albright is able to provide for the children during the time they are in her home.

"Upon the foregoing facts, it is ordered, adjudged, and decreed:

"a. That the motion to remove is denied.

"b. That the children are not to be removed from the jurisdiction of this court.

"c. The court awards the custody of the children to their father only so long as they remain in the home of and in the charge of John S. McEachern, Sr., in Wilmington, New Hanover County, North Carolina, over the period of time from 1 September to 31 May of each year, which is the school term of New Hanover County.

"d. The court awards the custody of the children to their mother only so long as they remain in the home of and in the custody and charge of Mrs. R. M. Albright, of Raleigh, Wake County, North Carolina, over the period of time from 1 June to 31 August of each year, which is the vacation period of the schools of New Hanover County.

"e. It is further ordered and adjudged that the children be forthwith delivered into the custody of the petitioner, to be at once delivered to the home of and in charge of John S. McEachern, Sr. It is further ordered that the petitioner will deliver the two said children at the home of Mrs. R. M. Albright at the time specified in this judgment.

"f. Upon the hearing, the petitioner and his father, John S. McEachern, Sr., the paternal grandfather of the two said children, the respondent, and her mother, Mrs. R. M. Albright, the maternal grandmother of the two said children, and the two children, were present in court. The court had the opportunity of observing, and did observe, and the court

is of the opinion that the foregoing judgment is for the best interest of the two said infants.

"This 15 February, 1936, as of 12 October, 1935."

From the judgment rendered, respondent appealed.

*Cleves M. Symmes and R. L. McMillan for petitioner, appellee.*

*MacLean, Pou & Emanuel and R. Mayne Albright for respondent, appellant.*

Devin, J. The respondent, Mrs. Phyllis Albright McEachern, excepted to the judgment and contends that it is erroneous in two particulars:

(1) In denying respondent's motion to remove the cause to Wake County; and (2) in awarding custody of children for portion of each year to the paternal grandparents of the children in violation of the natural rights of the mother.

(1) What is the proper venue for the hearing on a writ of *habeas corpus?*

The statutes as to venue, C. S., 463, *et seq.,* all refer to "actions" and have no reference to proceedings of this kind. The writ of *habeas corpus* has been denominated a "high prerogative writ." Its suspension is prohibited by the Constitution of North Carolina, Art. I, sec. 21. By statute the application for the writ may be made to any one of the Justices of the Supreme Court or to any one of the Superior Court judges, either at term or in vacation, or may be issued by any judge of either court without application in certain cases. C. S., 2208 and 2210. The provisions with respect to writs of *habeas corpus* are by statute made applicable to a controversy as to the custody of children when the parents are separated and there has been no divorce, and in this instance only is an appeal allowed. If any judge refuse to grant the writ when legally applied for he is subjected to a severe penalty. C. S., 2212.

Since any judge, anywhere, has power to issue the writ, he may ordinarily make it returnable before himself at such place and time as in his sound discretion would seem to serve the ends of justice and the convenience of all parties as well as that of the court, and his discretion will not be reviewed in the absence of showing of abuse or failure to afford full opportunity to be heard. *Ex parte Schenck,* 74 N. C., 607; *Jain v. Priest,* 30 Idaho, 273, 164 Pac., 364. The writ may be, and often is, made returnable for convenience before some other judge or court. 29 C. J., 151. In the instant case the judge below found that a motion for continuance was made before filing of motion for removal, which, ordinarily in civil actions, would be held to constitute waiver of right of removal to the proper county.

The exception to the ruling of the court below in this respect cannot be sustained.

(2) The respondent assigns as error failure to comply with the provisions of C. S., 2241, requiring the judge to award the custody of the children "either to the husband or to the wife for such time and under such regulations and restrictions as will best promote the interest and welfare of the children"; and she contends that the facts found are not sufficient to support the judgment. On this point we think the exception to the judgment must be sustained.

The findings of fact of the court, based on evidence, are conclusive on appeal, and this rule applies to proceedings to determine the custody of children. *Stokes v. Cogdell,* 153 N. C., 181.

The eighth finding by the court below is in part as follows:

"The court finds as a fact that the petitioner is a fit and suitable person to have the custody of said two children only so long as they remain in the house of their paternal grandfather, John S. McEachern, Sr., in the city of Wilmington." This finding as to the fitness of the father to have the custody of the children seems to be qualified and conditional. It further appeared in evidence that the petitioner is living in Greensboro or Charlotte, though claiming his residence in Wilmington. There was no finding by the court below on this point. If the petitioner is living in Greensboro, the award of custody of the children for a portion of each year to petitioner so long as the children remain in the home of John S. McEachern, Sr., in Wilmington, would seem to be, in effect, an award to the paternal grandfather.

There was no finding that the respondent was not a fit and suitable person to have the custody of her children, but, on the contrary, it was found that the home in which she lived with her mother and the children was a suitable place for them.

The findings are insufficient to deprive the mother of the natural right which she shares with the father to the custody of her small children (one of them being but three years of age), nor to deprive the children of the tender care and loving ministrations of their mother, for nine months in the year. *Clegg v. Clegg,* 187 N. C., 730; *In re Alderman,* 157 N. C., 512.

The cause is remanded to the Superior Court of New Hanover County for further findings and conclusions in accordance with the provisions of the statute and this opinion.

Remanded.

STACY, C. J., concurring in part and dissenting in part: Conceding the statutory *habeas corpus* to be an appropriate writ in determining the custody of children as between married parents, living in a state of

separation, C. S., 2241, but not when they are divorced, C. S., 1664; *In re Blake,* 184 N. C., 278, 114 S. E., 294 ("the writ of *habeas corpus* cannot be used as a claim and delivery of the person"—*In re Parker,* 144 N. C., 170, 56 S. E., 878), it does not follow the motion for change of venue, made in the instant case, was ill-advised or not well founded.

It is provided by 2 C. S., 5039 (enacted 1919) that "The Superior Courts shall have exclusive original jurisdiction of any case of a child less than sixteen years of age, residing in or being at the time within their respective districts, . . . whose custody is subject to controversy." As the children, whose custody is here in controversy, were in the Seventh Judicial District at the time of the application of the writ, it would seem, under this statute, that the Superior Court of such district has exclusive original jurisdiction of the case. *In re Hamilton,* 182 N. C., 44, 108 S. E., 385; *In re Coston,* 187 N. C., 509, 122 S. E., 183.

Nothing was said in *Clegg v. Clegg,* 186 N. C., 28, 118 S. E., 824; *S. c.,* 187 N. C., 730, 122 S. E., 756, or the *TenHoopen Case,* 202 N. C., 223, 162 S. E., 619, which militates against this position. Cases decided prior to the enactment of 2 C. S., 5039, are inapplicable or not controlling.

I concur in the disposition of the second question raised by the appeal.

CONNOR, J., concurs in dissenting opinion.