IN RE JO ANNA YOUNG.

(Filed 17 March, 1943.)

**1. Habeas Corpus § 3—**

> *Habeas corpus* may be used to decide a contest between husband and wife, who are living in a state of separation without being divorced, in respect to the custody of their children. It is not available as between other parties, nor as between divorced parents. C. S., 2241.

**2. Judgments § 29: Estoppel § 4—**

> A judgment regularly entered by a court of competent jurisdiction, however erroneous, so long as it stands, operates as an estoppel against the party instituting the action.

APPEAL by respondent, Mildred Clayton Young, from *Alley, J.*, in Chambers at Wilkesboro, 18 December, 1942. From AVERY.

Petition for writ of *habeas corpus* to determine the custody of Jo Anna Young, alleged infant daughter of Hall Young and Mildred Clayton Young.

The facts are these:

1. On 8 April, 1941, Hall Young and the respondent herein, Mildred Clayton Young, were duly married.

2. Thereafter, on 11 June, 1941, in the Circuit Court of Virginia, Isle of Wight County, Hall Young instituted an action for divorce

against his wife, alleging that at the time of their marriage "the said Mildred Clayton Young was, without the knowledge of your complainant, with child by some person other than your complainant."

3. On 20 June, 1941, Jo Anna Young, the subject of this controversy, was born.

4. On 25 July, 1941, a decree was entered in the above mentioned divorce action dissolving the bonds of matrimony between the parties on the ground that Hall Young was not the father of Jo Anna Young.

5. Thereafter, on 1 March, 1942, Hall Young and Mildred Clayton Young were again duly married. They are now living in a state of separation, without being divorced.

6. The application here is by the alleged paternal grandparents of the infant "brought by them on behalf of said father, Hall Young."

7. The infant in controversy is now in the custody of the petitioners, and has been since about the middle of October, 1942, when she was placed with them by Hall Young. The petitioners' son, Hall Young, was inducted into the United States Army Air Corps on 26 October, 1942, and is still in the military service.

From judgment awarding the custody of Jo Anna Young to the petitioners, until the further orders of the court, the respondent appeals, assigning errors.

*J. V. Bowers for petitioners, appellees.*

*M. Anderson Maxey and Charles Hughes for respondent, appellant.*

STACY, C. J. The appropriateness of *habeas corpus* to determine the present rightful custody of Jo Anna Young is challenged on two grounds:

First, because the petitioners have shown no authority to make the application on behalf of Hall Young.

Secondly, even if such authority exists, Hall Young himself would be estopped by the divorce proceeding in Virginia to assert his fatherhood of Jo Anna Young, a necessary averment to support the writ.

It is provided by C. S., 2241, that *habeas corpus* may be used to decide a contest "between any husband and wife, who are living in a state of separation, without being divorced, in respect to the custody of their children." It is not available as between other parties, nor as between divorced parents. *In re Gibson, ante,* 350; *In re Ogden,* 211 N. C., 100, 189 S. E., 119.

"The object of the writ of *habeas corpus* is to free from illegal restraint. When there is none, the writ cannot be used to decide a contest as to the right custody of a child (except when the contest is between the parents of the child. Revisal, sec. 1853). . . . In short, the writ of *habeas corpus* cannot be used as a claim and delivery of the person"—

*Clark, C. J.,* in *In re Parker,* 144 N. C., 170, 56 S. E., 878. And in the same case, *Hoke, J.,* in a concurring opinion, says: "Section 1853, Revisal (now C. S., 2241), was enacted to enable the court to make proper regulations as to the care and custody of children as between husband and wife who are living in a state of separation without being divorced. It seems to be confined to such cases."

In a contest between Hall Young and Mildred Clayton Young over the custody of Jo Anna Young, Hall Young would be in no position to assert that the infant is "their child," so as to bring it within the terms of the statute. In a former action instituted by him and on his own testimony it was adjudged that he was not the father of Jo Anna Young. Having invoked the Virginia Court to try the issue in an action for divorce, it is but meet that as against the rights of the respondent he should be estopped to say otherwise in any subsequent action or judicial proceeding. *Distributing Co. v. Carraway,* 196 N. C., 58, 144 S. E., 535; *McIntyre v. McIntyre,* 211 N. C., 698, 191 S. E., 507. As between Hall Young and Mildred Clayton Young, "his mouth is shut, and he shall not say that is not true which he had before in a solemn manner asserted to be true." *Armfield v. Moore,* 44 N. C., 157; *Yerys v. Ins. Co.,* 210 N. C., 442, 187 S. E., 583; *Crawford v. Crawford,* 214 N. C., 614, 200 S. E., 421. A judgment regularly entered by a court of competent jurisdiction, however erroneous, so long as it stands, operates as an estoppel upon the party instituting the action. *Cameron v. McDonald,* 216 N. C., 712, 6 S. E. (2d), 497; *McIntyre v. McIntyre, supra.*

There was error in entertaining the application for *habeas corpus.* The order entered on the writ will be vacated and the petition dismissed.

Error and remanded.