IN THE MATTER OF THE CARE AND CUSTODY OF JAMES DuPREE McGRAW, AN INFANT.

(Filed 8 October, 1947.)

**Habeas Corpus § 3—**

    *Habeas corpus* will not lie at the instance of the father of an illegitimate child to obtain its custody and control from its mother. Neither G. S., 17-39, nor G. S., 50-13, is applicable.

PETITIONER's appeal from *Pless, J.,* 19 July, 1947, POLK Superior Court.

*M. R. McCown for petitioner, appellant.*
*W. Y. Wilkins, Jr., for respondent, appellee.*

SEAWELL, J. The petitioner, Willie Spurlin, claiming to be the father of the illegitimate child whose custody is in controversy, sued out *habeas corpus* to take that custody from the mother. While he alleges facts which would support the jurisdiction of the juvenile court—see G. S.,

110-23, *et seq.*—he rests his cause of action on the superior right of the father to the custody of his child; and in his appeal from an adverse ruling of the Superior Court, asks adoption of that theory here.

Outside of the statutes which make the writ of *habeas corpus* available to determine the custody of a child between husband and wife when living separate and apart from each other (G. S., 17-39), or when divorced (G. S., 50-13), and for other special statutory purposes, the use of the writ has been to determine and relieve against illegal restraint; and perhaps upon this principle the use has been enlarged to cover contests between the father (the wife and mother being dead) and grandparents` for the custody of his children (*In re Hamilton,* 182 N. C., 44, 108 S. E., 305; *In re TenHoopen,* 202 N. C., 223, 162 S. E., 619), in recognition of the father's superior right to the custody of the child; and perhaps other cases where the *prima facie* right of the legitimate parents to the custody of the child has been interfered with by a stranger. In these and similar cases legitimate children were involved. The statutes above cited refer to children born to married persons and have no application to the case at bar.

In *Shelton's case,* 203 N. C., 75, 164 S. E., 332, where the controversy was between the mother of an illegitimate child and parties to an invalid adoption, *Justice Connor,* speaking for the Court, said:

"It is well settled as the law of this State that the mother of an illegitimate child, if a suitable person, is entitled to the custody of the child, even though there be others who are more suitable," citing *Ashby v. Page,* 106 N. C., 328, 11 S. E., 283.

To the same effect is *In re Jones,* 153 N. C., 312, 69 S. E., 217, in which case *Justice Hoke,* writing the opinion and speaking of the right of legitimate parents, says:

"In the case of illegitimate children this same *prima facie* right exists, perhaps to a lesser degree, in the mother," citing *Ashby v. Page, supra,* and *Mitchell v. Mitchell,* 67 N. C., 307.

It is easy to see why the policy of the law, in its development from both circumstance and necessity, has not thus far conferred the superior right of custody on the non-legitimate father of a bastard child, at least while the latter remains *nullius filius.* We have not been presented with convincing authority to sustain the jurisdiction of the Superior Court in behalf of the petitioner; and we do not feel that the exigency of decision requires us to discuss that of the Juvenile Court.

The appeal is
Dismissed.