E. C. PHIPPS v. W. W. VANNOY AND WIFE, MRS. W. W. VANNOY.

(Filed 15 December, 1948.)

**1. Clerks of Court § 7—**

In a proceeding by the father to obtain custody of his child from the parents of his deceased wife, his contention that defendants' motion to dismiss the proceeding in the Superior Court for want of jurisdiction should be denied since there is no controversy respecting the custody of the child such as would confer jurisdiction upon the juvenile court is untenable, since the question is one of jurisdiction and not the right of petitioner to the custody, and since the contention is perforce made in the midst of a controversy.

**2. Habeas Corpus § 3—**

Jurisdiction to determine the custody of a minor child in *habeas corpus* proceedings lies only as between parents living in a state of separation without being divorced, and such jurisdiction is ousted immediately upon the filing of the complaint in an action for divorce between the parties. G.S. 17-39.

**3. Divorce § 17—**

Immediately upon the institution of an action for divorce the jurisdiction to determine the custody of minor children of the parties is vested in the Superior Court in which the divorce action is pending, and such action is pending for this purpose until the death of one of the parties. G.S. 50-13.

**4. Same—**

Where decree for divorce is entered outside this State, either parent may have the question of custody of the children of the marriage determined as between them in a special proceeding in the Superior Court. G.S. 50-13.

**5. Clerks of Court § 7—**

The juvenile court has exclusive original jurisdiction to determine the custody of an infant under sixteen years of age, G.S. 110-21 (3), in all cases except those in which the Superior Court is given jurisdiction by G.S. 17-39 or by G.S. 50-13.

**6. Habeas Corpus § 3: Clerks of Court § 7—**

Petitioner's wife was awarded the custody of their child in the action between them for divorce. After her death petitioner instituted *habeas corpus* proceedings against her parents to obtain the custody of the child. *Held:* The juvenile court has exclusive jurisdiction of the controversy, and the dismissal of the *habeas corpus* proceedings by the Superior Court on the ground of want of jurisdiction is affirmed. G.S. 110-21 (3).

APPEAL by petitioner from *Clement, J.,* August Term, 1948, WILKES. Affirmed.

Proceeding by writ of *habeas corpus* to determine the custody of an infant.

Freda Mae Phipps is an infant nine years of age. Her mother is dead and her father resides in Buncombe County. Prior to her death, the mother had custody of the child and it lived in the home of its maternal grandparents. After the mother's death, the child continued to reside with said grandparents, and the petitioner, the father, contributed to its support until the institution of this proceeding.

On 12 June 1948, Nettles, J., on application of petitioner in Buncombe County, issued a writ of *habeas corpus* directed to respondents to determine the controversy respecting the custody of said child of petitioner. At the hearing, it being made to appear that at the January Term, 1946, of Wilkes County, in a divorce action there pending, the custody of the child was awarded to the mother, Nettles, J., transferred the proceeding to Wilkes County to be heard as a motion in the cause in the divorce action.

When the cause came on to be heard before Clement, J., in Wilkes County, he, on motion of respondents, dismissed the writ for that "an action of this kind will not lie for the reason that the Juvenile Court has

original exclusive jurisdiction in this case." Petitioner excepted and appealed.

*Robert M. Gambill and Sam M. Cathey for petitioner appellant.*

*J. T. Pritchett and Trivette, Holshouser & Mitchell for respondent appellees.*

BARNHILL, J. The petitioner stressfully contends that the father, being a fit and suitable person, has sole right to the custody of his child "as a rule of law," and that therefore a controversy respecting the child's custody such as would confer jurisdiction upon the juvenile court cannot arise in the absence of proof of abandonment or other special fact not here appearing.

This position cannot be sustained. The right of petitioner to the custody of his child is not at issue on this appeal. The sole question is one of procedure which, on this record, is jurisdictional. Furthermore, the contention is made in the middle of a controversy in respect to the custody of said infant. The cause of petitioner may be just and the contention of respondents may be unfounded and unwarranted—nonetheless, there is a controversy. Otherwise there would be no need to seek the aid of the courts.

We have four separate statutory provisions respecting the manner of determining the right to the custody of an infant when custody is the only question at issue. G.S. 17-39, G.S. 50-13, and G.S. 110-21 (3). Any apparent conflict or inconsistency in the provisions of these statutes has been reconciled and harmonized in former decisions of this Court.

The provisions of the first two, G.S. 17-39 and G.S. 50-13, may be invoked only in cases where the custody of a child is the subject of controversy between its parents.

When the parents are living in a state of separation without being divorced a controversy between them over the custody of a child born of the marriage may be adjudicated under a writ of *habeas corpus.* G.S. 17-39; *In re Blake,* 184 N. C. 278, 114 S. E. 294; *McEachern v. McEachern,* 210 N. C. 98, 185 S. E. 684. This writ is an extraordinary peremptory criminal process not ordinarily available in a civil proceeding. It is not to be used "as a claim and delivery of the person," *In re Parker,* 144 N. C. 170, *In re Young,* 222 N. C. 708, 24 S. E. (2) 539, and "it is not available as between other parties, nor as between divorced parents." *In re Young, supra; In re Parker, supra; In re Gibson,* 222 N. C. 350, 23 S. E. (2) 50; *In re Ogden,* 211 N. C. 100, 189 S. E. 119; *In re Albertson,* 205 N. C. 742, 172 S. E. 411; *McEachern v. McEachern, supra.* It is not to be used except when the undivorced parents of the child are living in a state of separation. While there was some departure

from this rule prior to the enactment of the Juvenile Court Act (Chap. 97, P. L. 1919, now Art. 2, Chap. 110, General Statutes), *Latham v. Ellis,* 116 N. C. 30; *In re Fain,* 172 N. C. 790, 90 S. E. 928, this Court has been careful to limit its use to this one purpose since the enactment of the latter statute providing a ready and adequate remedy in other cases.

So soon as the "state of separation" between husband and wife resolves itself into, brings about, or is followed by an action for divorce in which a complaint has been filed, the jurisdiction of the court acquired under a writ of *habeas corpus* as provided by G.S. 17-39 is ousted and authority to provide for the custody of the children of the marriage vests in the court in which the divorce proceeding is pending. *Robbins v. Robbins, ante,* 430; *In re Blake, supra; McEachern v. McEachern, supra; In re Albertson, supra; Tyner v. Tyner,* 206 N. C. 776, 175 S. E. 144; *Story v. Story,* 221 N. C. 114, 19 S. E. (2) 136. Jurisdiction rests in this court so long as the action is pending and it is pending for this purpose until the death of one of the parties.

When, however, the parents were divorced outside this State, either parent may have the question of custody as between them determined in a special proceeding in the Superior Court. G.S. 50-13.

In all other instances in which the custody of an infant less than sixteen years of age is the subject of the controversy, the juvenile branch of the Superior Court of the county where the child resides or is to be found has exclusive original jurisdiction. G.S. 110-21 (3); *In re Thompson,* 228 N. C. 74. That is to say, the juvenile branch of the Superior Court has exclusive original jurisdiction in all cases wherein the custody of an infant under sixteen years of age is the subject of the controversy except (1) in cases between undivorced parents living in a state of separation, G.S. 17-39, or (2) where there is an action for divorce, in which a complaint has been filed, pending in this State, G.S. 50-13, or (3) where the parents have been divorced by decree of a court of a State other than North Carolina, G.S. 50-13.

It is to be noted that the exceptions include only cases in which the controversy is between the parents of the infant. In such cases the family relations are involved and each party has some natural as well as legal claim to the child. The child itself is under the protective custody of the court which exercises its sound discretion in providing for its welfare. For these reasons, perhaps, the Legislature, in adopting General Statutes, Chap. 110, Art. 2, saw fit to leave G.S. 17-39 and G.S. 50-13 unimpaired so that the authority to exercise this discretion would remain in the Superior Court judge rather than be vested in an inferior judicial official. In any event, we have so construed the statutes.

It follows that the court below correctly concluded that it was without jurisdiction to hear the matter either as upon a writ of *habeas corpus* or as a motion in the divorce action theretofore pending in Wilkes County.

The cases cited and relied on by petitioner are not in conflict with the conclusion here reached. In the *TenHoopen case,* 202 N. C. 223, 162 S. E. 619, the parents were living in a state of separation. While the writ, issued on the petition of the father, was directed to the maternal grandparents of the child, it was made to appear that the mother had possession of the child and the grandparents only had temporary custody as agents of the mother. Hence, in reality it was a contest between the parents living in a state of separation. So the Court held. In the *Shelton case,* 203 N. C. 75, 164 S. E. 332, the custody of an illegitimate child was at issue. The case was decided shortly after the adoption of the Juvenile Court Act and the question of jurisdiction was not mooted. But this Court, in the factually similar *McGraw case,* 228 N. C. 46, held that a writ of *habeas corpus* is not the proper medium for settling a controversy over the custody of a child as between its putative father and natural mother. *In re Hamilton,* 182 N. C. 44, 108 S. E. 385, is *contra* the contention of the petitioner.

The judgment entered in the court below was in accord with the decisions of this Court and is

Affirmed.