In the Matter of the Custody of NELLIE SUE MELTON, a Minor.

(Filed 18 March, 1953.)

**Habeas Corpus § 3: Courts § 7½ —Habeas corpus will not lie in contest for custody of minor between its father and maternal grandmother.**

The juvenile court has exclusive original jurisdiction of all cases involving the custody of a minor under 16, G.S. 110-21 (3), except in contests between the parents, undivorced but living in a state of separation, G.S. 17-39, or where divorce proceedings have been instituted and are pending in this State, G.S. 50-13, or where the parents have been divorced by decree of another state, G.S. 50-13, and the judge of the Superior Court is without jurisdiction to issue a writ of *habeas corpus* for control of such minor child in a contest between the child's father and its maternal grandmother, and such order is void and the denial of a motion to modify such order will be reversed on appeal.

Appeal by petitioner from the *Honorable J. Will Pless, Jr.,* Resident Judge of the Eighteenth Judicial District, at Chambers in Marion, North Carolina, 22 November, 1952.

Controversy between the father and the maternal grandmother over the custody of a small child heard upon a writ of *habeas corpus.*

For ease of narration, David Melton is called the petitioner, and Zula Whisnant is designated as the respondent.

Nellie Sue Melton is the three-year-old daughter of the petitioner and his wife, Junie Mae Whisnant Melton. The latter is an insane patient in the State Hospital at Morganton. In August, 1952, Nellie Sue Melton was living at the home of her maternal grandmother, the respondent, who refused to surrender her to the petitioner. Thereupon the resident judge, acting on the application of the petitioner, issued a writ of *habeas corpus* requiring the respondent to produce the child before him at Chambers in Marion, North Carolina, on 6 September, 1952, to the end that the controversy between the petitioner and the respondent respecting her custody might be determined. On the return day, the resident judge made an order awarding the custody of Nellie Sue Melton during the first four weeks of each series of five weeks to the petitioner, and during the fifth week of each such series to the respondent. Neither the petitioner nor the respondent excepted to this order. On 22 November, 1952, the peti-

tioner applied to the resident judge at chambers by motion after due notice to the respondent to change the order of 6 September, 1952, so as "to give him exclusive custody of . . . Nellie Sue Melton," and the resident judge entered an order denying the motion. The petitioner excepted to this order and appealed, asserting by his assignments of error that the resident judge erred in refusing to grant him the exclusive custody of his child.

*B. T. Jones, Jr., for petitioner, appellant.*
*Joseph C. Whisnant for respondent, appellee.*

ERVIN, J.  We must forego a decision on the merits.  Under G.S. 110-21 (3), the juvenile branch of the superior court has exclusive original jurisdiction in all cases wherein the custody of an infant under sixteen years of age is the subject of the controversy except (1) in cases between undivorced parents living in a state of separation, G.S. 17-39, or (2) where there is an action for divorce, in which a complaint has been filed, pending in this State, G.S. 50-13, or (3) where the parents have been divorced by decree of a court of a state other than North Carolina, G.S. 50-13.  *Phipps v. Vannoy,* 229 N.C. 629, 50 S.E. 2d 906.  Since this proceeding is not a contest as to custody between the parents of the child and does not come within the purview of any of the exceptions to the general rule, the judge had no jurisdiction to issue the writ of *habeas corpus* or to make any order thereon respecting the custody of Nellie Sue Melton.  In consequence, the order of 6 September, 1952, is adjudged void, and the order of 22 November, 1952, is
Reversed.