IN THE MATTER OF THE CUSTODY OF WILLIAM LIVINGSTON McCORMICK, MILES JOSEPH McCORMICK, MARY ELISE McCORMICK AND JOHN GREGORY McCORMICK.

(Filed 4 June, 1954.)

**Habeas Corpus § 3—**

G.S. 17-39 provides a proceeding in the nature of *habeas corpus* by which a controversy respecting the custody of minor children may be determined as between husband and wife, living in a state of separation without divorce, and the statute is available to the parent with whom the children then reside, it being immaterial whether the respondent or petitioner has custody at the time.

APPEAL by respondent Miles Joseph McCormick from *Sink, J.*, in Chambers, 2 January, 1954, from GUILFORD.

Proceeding under the provisions of G.S. 17-39 for determination of the charge and custody of the children whose names appear in the above styled caption.

These facts constitute the framework on which this proceeding rests: On 23 December, 1953, Mary Elise Livingston McCormick filed a petition before the Honorable H. Hoyle Sink, Judge of Superior Court, resident of Twelfth Judicial District, in which she set forth in summary: (1) That she was then a resident of Guilford County, N. C., and her husband, Miles Joseph McCormick, was a resident of Forsyth County, N. C.; (2) that she is the mother, and he is the father of these children: William Livingston McCormick, age 8 (31 December, 1953), Miles Joseph McCormick, age 7, John Gregory McCormick, age 5, and Mary Elise Livingston McCormick, age 4; (3) that she and her husband, Miles Joseph McCormick, are living in a state of separation; (4) that while the children are with petitioner at the home of her parents in Greensboro, N. C., her husband threatens to seize them by force, and a controversy exists between her and her husband as to the charge and custody of their said children; and (5) that the children will be produced at the hearing of the petition.

The petitioner therefore prays that a writ of *habeas corpus* issue to the end that the children be brought before the court and that such orders as to their care, custody, training and support be made as provided by G.S. 17-39.

Thereupon on 23 December, 1953, the Honorable H. Hoyle Sink, Judge as aforesaid, issued an order commanding Miles Joseph McCormick to appear before him at his office in the county courthouse, in Greensboro, Guilford County, N. C., on 29 December, 1953, at 2:30 p.m. to show cause, if any he have, why the court should not determine the custody of said children and make such orders and decrees with reference thereto as

to the court might seem just and proper, and, further, ordering that the writ be served upon Miles Joseph McCormick by Sheriff of Forsyth County—in manner set forth, which was done on 24 December, 1953.

Thereafter on 2 January, 1954, to which date hearing on the proceeding was by consent delayed, the respondent Miles Joseph McCormick demurred to the petition and moved that the proceeding be dismissed on the ground "that it appears upon the face of said petition that said petition does not state facts sufficient to constitute a cause of action nor a basis for relief herein, it appearing therein that this respondent does not have possession nor control over nor of the children mentioned, but that they are in the possession and control of the petitioner herself, and that the petition does not present or describe a situation wherein the writ of *habeas corpus* is appropriate, it not being available for the mere resolution of 'disputes' whether or not they be litigable at law or equity."

The demurrer was overruled, and to order signed in accordance therewith the respondent objected and excepted, and appeals to the Supreme Court and assigns error.

*H. L. Koontz and C. L. Shuping for petitioner, appellee.*
*Robert S. Cahoon for respondent, appellant.*

WINBORNE, J.　This appeal presents one basic question: Where there is a controversy between husband and wife, living in a state of separation, without being divorced, in respect to the custody of their children, are the provisions of G.S. 17-39 available to the parent with whom the children then reside?

The statute, G.S. 17-39, in pertinent part provides that "When a contest shall arise on a *habeas corpus* between any husband and wife, who are living in a state of separation, without being divorced, in respect to the custody of their children, the court or judge, on the return of such writ, may award the charge or custody of the child or children so brought before it to the husband or to the wife, for such time under such regulations and restrictions, and with such provisions and directions as will, in the opinion of such court or judge, best promote the interest and welfare of the children. At any time after the making of such orders the court or judge may, on good cause shown, annul, vary or modify the same . . ."

It is manifest from a reading of this statute, as interpreted and applied in decisions of this Court, that its provisions are available only in cases where the husband and wife are living in a state of separation, without being divorced, and there arises a contest between them as to the custody of their children. *Phipps v. Vannoy,* 229 N.C. 629, 50 S.E. 2d 906; *In re Young,* 222 N.C. 708, 24 S.E. 2d 539; *McEachern v. McEachern,* 210 N.C. 98, 185 S.E. 684; *In re Blake,* 184 N.C. 278, 114 S.E. 294.

While the proceeding is referred to as "a *habeas corpus*" it seems clear that the Legislature did not intend it to be *"habeas corpus"* in the strict meaning of the term. Rather it is set up as a proceeding in the nature of *habeas corpus* by which controversy between husband and wife, living in a state of separation, without being divorced, in respect to the custody of their children may be determined. Hence the Court deems it immaterial whether the respondent or the petitioner has custody at the time. It is a means of bringing the children before the Court for a determination of the controversy.

The judgment below is

Affirmed.