FRED S. WINNER, GUARDIAN, PETITIONER, v. J. H. BRICE AND HIS WIFE, IRENE BRICE, RESPONDENTS.

(Filed 3 November, 1937.)

1. **Clerks of Court § 7—Juvenile court has jurisdiction of child in improper environment whose custody is in controversy.**

    Allegations of a petition, admitted by demurrer, that the children in question were each under sixteen years of age, resided in the county, and were subject to such conditions and improper guardianship and control as to endanger their morals, health, and general welfare, and that petitioner was entitled to their custody as their guardian under a deed executed by their father, C. S., 2150, for the purpose of placing them in a private institution in accordance with the wishes of their father, are sufficient to show exclusive original jurisdiction of the children, for the purposes of the statute, in the juvenile court of the county, ch. 97, Public Laws of 1919 (N. C. Code, 5039, 5062).

2. **Same—Person having knowledge of facts sufficient to confer jurisdiction upon juvenile court may file petition.**

    A person filing a petition alleging facts conferring jurisdiction upon the juvenile court of the children named in the petition, and alleging that petitioner has knowledge or information of the facts alleged, is a competent person to file the petition, and it is immaterial, for the purposes of jurisdiction, whether petitioner is guardian for the minors therein named, and the petition confers jurisdiction on the juvenile court for the purposes of the statute.

3. **Same—Respondents served with notice may not complain that no summons or notice was served on children whose custody is sought.**

    Where a duly verified petition, alleging facts sufficient to confer jurisdiction of the children therein named on the juvenile court of the county, is filed and notice of the filing of the petition and the pendency of the proceeding is duly served on respondents having the said children in their custody, the respondents may not complain that no summons or notice was served on the minor children, the service on the respondents being a sufficient compliance with the provisions of the statute to confer jurisdiction of respondents upon the court, it being within the discretion of the court whether summons should be issued to and served on the children.

4. **Same—**

    The statute creating juvenile courts in the several counties of this State is valid, N. C. Code, 5039, 5062, and the statute confers jurisdiction on the courts to place children under its jurisdiction in public and private institutions in proper instances, N. C. Code, 5047 (4), 5053.

APPEAL by petitioner from *Hamilton, Special Judge,* at July Term, 1937, of DUPLIN. Reversed.

This is a proceeding involving the custody and welfare of four children, each of whom is under the age of sixteen years. The petitioner

and the respondents and all of said children are residents of Duplin County, North Carolina.

The proceeding was begun on 15 June, 1937, by a petition filed with the clerk of the Superior Court of Duplin County, as the judge of the juvenile court of said county, by Fred S. Winner, guardian. The petition was duly verified by the petitioner. Notice of the filing of the petition and of the pendency of the proceeding was duly served on the respondents, who thereafter filed an answer to the petition, denying the material allegations therein.

It is alleged in the petition that William Harrel Winner, about ten years of age; Benedict L. Winner, about eight years of age; Paul Howard Winner, about six years of age, and Iona Christine Winner, about four years of age, are the children of R. L. Winner and his wife, Grace Marie Winner; that Grace Marie Winner, the mother of said children, died during the month of March, 1934, and that R. L. Winner, the father of said children, is a disabled World War veteran, and is now and has been since November, 1936, confined in an institution which is maintained by the government of the United States for the care and treatment of disabled veterans of the World War.

It is further alleged in the petition that some time during the month of November, 1936, the petitioner, Fred S. Winner, who is a brother of R. L. Winner, was duly appointed by the clerk of the Superior Court of Duplin County as guardian of the said R. L. Winner and has duly qualified as such guardian; and that on 11 June, 1937, the said R. L. Winner, by a deed duly executed by him in accordance with the provisions of C. S., 2150, constituted and appointed the petitioner, Fred S. Winner, as guardian of his said minor children.

It is further alleged in the petition that after the death of his wife, the mother of his said minor children, and prior to the execution by him of the deed by which he constituted and appointed the petitioner, Fred S. Winner, as guardian of his said minor children, the said R. L. Winner, who is a member and communicant of the Catholic Church, had negotiations with the Catholic Orphanage at Nazareth, near the city of Raleigh, N. C., for the admission of his said children into said orphanage; that at the date of the execution by him of the deed by which he constituted and appointed the petitioner guardian of his said minor children the said R. L. Winner requested and directed the petitioner to have his said minor children placed in the Catholic Orphanage at Nazareth, near the city of Raleigh, N. C., and that the petitioner desires to place the said children in said orphanage, in compliance with the request and direction of their father, the said R. L. Winner.

It is further alleged in the petition that the Catholic Orphanage at Nazareth, near the city of Raleigh, N. C., is incorporated under the

laws of the State of North Carolina, and has been approved by the Board of Charities and Public Welfare of North Carolina, and is authorized by the said board to admit, care for, maintain and educate children under the age of twenty-one; and that said orphanage is in all respects equipped to care for, maintain and educate the said minor children of R. L. Winner.

It is further alleged in the petition that since his appointment by the said R. L. Winner as guardian of his said minor children the petitioner has faithfully endeavored to have the said minor children placed in the Catholic Orphanage at Nazareth, near the city of Raleigh, for care, maintenance and education by said orphanage, and that said orphanage will now admit said minor children and provide for their care, maintenance and education, provided they and each of them are committed to its custody by an order of the juvenile court of Duplin County.

It is further alleged in the petition that after his appointment by the said R. L. Winner as guardian of his said minor children, and pending their admission into the Catholic Orphanage at Nazareth, near the city of Raleigh, N. C., the petitioner placed the said children temporarily in the custody of the respondents, who are their maternal grandparents; that at the time the petitioner placed the said minor children temporarily in the custody of the respondents the respondents approved the purpose of the petitioner to place the said minor children in the custody of the said Catholic Orphanage for care, maintenance and education by the said orphanage, and agreed to return said children to the custody of the petitioner as soon as arrangements could be made for their admission into said orphanage, and that respondents now, unlawfully and without excuse or justification, refuse to surrender .the said minor children to the petitioner that he may place them in said orphanage.

It is further alleged in the petition:

"A. That the respondents are unfit and unsuitable persons to have the custody, care, control and rearing of said four infant children of the said R. L. Winner, the respondents being aged persons, almost entirely illiterate, are persons of very small means and are unable financially to properly educate, provide for and maintain young children; that the family of respondents is composed of the respondents, one son who is an imbecile-invalid, and one daughter, generally known as Ruby Brice, whose moral life and character is very bad and unsavory, and who, because of the advanced ages of the respondents and their frequent absences from their home, performs most of the duties of their household, and manages and controls their home.

"B. That the said daughter of the respondents, who has the care and management of their home and now exercises control of the said children, is a person of bad moral life and character, she having been once

married and shortly thereafter divorced from her husband; that she has since lived with two men, to whom she claims to have been married; that long after her separation from her husband she resided at a roadhouse and at other places of bad repute and questionable character and surroundings in New Hanover County; that while so residing in said county, and while associating with a married man, the said daughter gave birth to a child, which was taken from her care and custody by the welfare authorities of New Hanover County; that the said daughter of the respondents has been convicted of crimes involving moral turpitude in both the recorder's court and the Superior Court of New Hanover County, and is now a fugitive from the justice of said county, where she lived in immoral relations with men for a period of over a year and until a few months prior to the commencement of this proceeding.

"C. That because of conditions surrounding and existing in the home of the respondents, as set forth in paragraphs A and B hereof, the said four children and each of them are now daily exposed and subjected to influences which greatly endanger their moral life, health and general welfare, and their best interests require that they and each of them be removed from the home of the respondents and restored to the custody of the petitioner, who is their paternal uncle, in order that said children may be placed in the Catholic Orphanage at Nazareth, near the city of Raleigh, N. C., in accordance with the request and direction of R. L. Winner, their father.

"D. That the petitioner is ready, willing and able forthwith to provide for the said children a desirable and suitable home in the Catholic Orphanage at Nazareth, near the city of Raleigh, N. C., where they and each of them will be properly maintained, carefully trained, and be given a good practical education, thus enabling said children to become good and useful citizens of the State."

After they had filed an answer to the petition in which they denied the material allegations thereof, the respondents filed a demurrer in writing to the petition and moved that the proceeding be dismissed, for that on the facts stated in the petition the juvenile court of Duplin County is without jurisdiction to hear, try, determine, or adjudge the control or custody of the children named in the petition. The demurrer to the petition was overruled, and the motion to dismiss the proceeding was denied. The respondents excepted and appealed to the Superior Court of Duplin County.

The appeal of the respondents was heard at July Term, 1937, of the Superior Court of Duplin County, where the order of the judge of the juvenile court, overruling the demurrer and denying the motion to dismiss, was reversed. Petitioner excepted.

From judgment that the proceeding be dismissed, for that on the facts stated in the petition the juvenile court of Duplin County was without jurisdiction of the proceeding, the petitioner appealed to the Supreme Court, assigning error in the judgment.

*Wm. F. Jones for petitioner.*
*Gavin & Gavin and Geo. R. Ward for respondents.*

CONNOR, J. ⸱ The juvenile courts of the several counties of this State, which were created by statute (ch. 97, Public Laws of North Carolina, 1919, N. C. Code of 1935, secs. 5039-5062), have exclusive original jurisdiction of any child residing in their respective counties:

"(a) Who is delinquent or who violates any municipal or State law or ordinance, or who is truant, unruly, wayward or misdirected, or who is disobedient to parents or beyond their control, or who is in danger of becoming so; or

"(b) Who is neglected, or who engages in any occupation, calling or exhibition, or is found in any place where a child is forbidden by law, and for permitting which an adult may be punished by law, or who is in such condition or surroundings or is under such improper or insufficient guardianship or control as to endanger the morals, health, or general welfare of such child; or

"(c) Who is dependent upon public support or who is destitute, homeless or abandoned, or whose custody is subject to controversy."

It is provided by statute that "when jurisdiction has been obtained in the case of any child, unless a court order shall be issued to the contrary, or unless the child be committed to an institution supported and controlled by the State, it shall continue for the purposes of this act during the minority of the child. The duty shall be constant upon the court to give each child subject to its jurisdiction such oversight and control in the premises as will conduce to the welfare of such child and to the best interest of the State."

By virtue of the foregoing statutory provisions the juvenile court of Duplin County, on the facts alleged in the petition and admitted by the demurrer, has exclusive original jurisdiction of each of the four children named in the petition. Each of said children is under the age of sixteen; he resides in Duplin County; he is now under such conditions and surroundings and under such improper guardianship and control as to endanger his morals, health, and general welfare, and his custody is subject to controversy. These facts are sufficient to give the said court jurisdiction of said children, for the purposes of the statute, provided the said court has jurisdiction of this proceeding.

It is provided by the statute that "any person having knowledge or information that a child is within the provisions of this act, and subject

to the jurisdiction of the court, may file with the court a petition verified by affidavit, stating the alleged facts which bring such child within said provisions. The petition shall set forth the name and residence of the child and of the parents, or the name and residence of the person having the guardianship, custody or supervision of such child, if the same be known or ascertained by the petitioner, or the petition shall state that they are unknown, if that be the fact."

This proceeding was begun by a petition which complies in all respects with these statutory requirements and is sufficient to confer jurisdiction upon the court of the proceeding. Whether or not the petitioner is the duly constituted and duly appointed guardian of the children named in the petition is immaterial, at least for purposes of jurisdiction. It appears from the allegations of the petition, which are admitted by the demurrer, that the petitioner is a person who has knowledge or information of the facts alleged in the petition which are sufficient under the statute to confer jurisdiction upon the court, both of the children named in the petition, and of the proceeding which was begun by the filing of the petition. This, under the express provisions of the statute, is sufficient to confer jurisdiction for the purposes of the statute.

It is provided by the statute that "upon the filing of the petition or upon the taking of the child into custody, the court may forthwith or after an investigation by a probation officer or other person, cause to be issued a summons signed by the judge or the clerk of the court, directed to the child, unless such child has been taken into custody, and to the parents, or in case there is no parent, to the person having the guardianship, custody, or supervision of the child, or the person with whom the child may be, requiring them to appear with the child, at the place and time stated in the summons to show cause why the child should not be dealt with according to the provisions of this act."

The notice issued by the judge of the juvenile court of Duplin County, addressed to the respondents and appearing in the record, was sufficient compliance with the foregoing statutory provisions. This notice was duly served on the respondents who appeared as required and filed answer to the petition. It was within the discretion of the court as to whether summons should be issued to and served on the children. The respondents have no cause to complain that no summons or notice was served on the children, who were in their custody.

The validity of the statute creating juvenile courts in the several counties of this State has been upheld, and its provisions construed and applied by this Court in *In re Coston,* 187 N. C., 509, 122 S. E., 183; *In re Hamilton,* 182 N. C., 44, 108 S. E., 385, and *S. v. Burnett,* 179 N. C., 735, 102 S. E., 711. In view of the situation presented by the record in this proceeding, it may be well to direct attention to the following provisions of the statute:

The court "may commit the child to a suitable institution maintained by the State or any subdivision thereof, or to any suitable private institution, society or association incorporated under the laws of the State and approved by the State Board of Charities and Public Welfare, authorized to care for children or to place them in suitable homes." N. C. Code of 1935, sec. 5047, subsection 4.

"In committing any child to any institution or other custodial agency other than one supported and controlled by the State, or in placing the child under any guardianship other than that of its natural guardians, the court shall as far as practicable select as the custodial agency an institution, society, or association governed by persons of like religious faith as the parents of such child or an individual holding the same religious faith." N. C. Code of 1935, sec. 5053.

There was error in the judgment of the Superior Court dismissing this proceeding on the ground that the juvenile court of Duplin County was without jurisdiction of the children named in the petition, of this proceeding, and of the respondents. The judgment is reversed to the end that the order of the judge of the juvenile court, overruling the demurrer and denying the motion that the proceeding be dismissed, may be affirmed and the proceeding remanded to the juvenile court of Duplin County that it may be heard by said court.

Reversed.