IN THE MATTER OF SHELBY FAYE PREVATT AND JAMES WADE PREVATT, INFANTS.

(Filed 12 January, 1944.)

**1. Clerks of Superior Court § 7—**

Where the Juvenile Court has by proper proceeding acquired jurisdiction of the parties and of the subject matter of children whose custody is subject to controversy, its adjudication for the welfare of the children must be held effective and binding on the parties, subject to review on appeal. C. S., 5039, 5058.

**2. Same—**

While the record does not disclose that a written petition to the Juvenile Court was originally filed by appellant, C. S., 5043, he may not now be heard to complain of irregularity in this respect, since the proceeding was instituted at his instance, and he was personally present at the hearing. C. S., 490.

**3. Same: Habeas Corpus § 3—**

Original jurisdiction has been conferred upon the Juvenile Court to find a child delinquent or neglected, C. S., 5039, but this statute does not repeal C. S., 2241, and is not inconsistent therewith. The Superior Court as such has exclusive jurisdiction, by writ of *habeas corpus*, to hear and determine the custody of children of parents separated but not divorced.

APPEAL by movant, Herbert Prevatt, from *Nimocks, J.,* at October Term, 1943, of ROBESON. Affirmed.

The hearing below was upon motion of Herbert Prevatt, father of the above named infants, to vacate an order of the Juvenile Judge relative to their custody. It was alleged the order was void for want of jurisdiction.

The pertinent facts were these. Herbert Prevatt and his wife, Elizabeth Prevatt, the parents of the infants Shelby Faye and James Wade Prevatt, are living separate from each other though not divorced. The children are aged five and two years, respectively. Upon the complaint of Herbert Prevatt to the Juvenile Judge that the children were neglected, and that their custody was subject to controversy, a juvenile warrant was issued and the children were brought back from Mecklenburg County, where they had been temporarily taken by their mother. A hearing was had by the Juvenile Judge, all the parties interested being present in person and with counsel, and an order was made providing for the disposition of the children. Subsequently, 7 October, 1943, the order was signed continuing these arrangements. No objection was made. The order is as follows: "This cause coming on to be heard before the undersigned Juvenile Judge, and being heard, and it appearing to the court that the said Shelby Faye Prevatt and James Wade Prevatt, minor children of Herbert Prevatt and Elizabeth Prevatt, who are husband and wife, and living in the state of separation, are now and have been for some time residing in separate homes, that is, Shelby Faye Prevatt living in the home of J. E. Kinlaw and wife, Sallie Kinlaw, father and mother of Elizabeth Prevatt, and James Wade Prevatt living in the home of R. L. Lamb and Myrtie Lamb, and the court finds that such arrangement, subject to the qualifications hereinafter named, is to the best interest of said infant children; it is, therefore, ordered, adjudged and decreed by the court that the said Shelby Faye Prevatt shall continue to live in the home of J. E. Kinlaw and wife, Sallie Kinlaw, in

the custody of Elizabeth Prevatt, mother of said child, and that the said James Wade Prevatt shall continue to live in the home of R. L. Lamb and wife, Myrtie Lamb, in the custody of Herbert Prevatt, father of said child. It is further ordered that the said infant children shall be allowed to visit each other weekly. (Here followed provisions for the interchange of visits between the children.) This matter is retained for further orders."

Thereafter R. L. Lamb refused to comply with the order, and motion was made by Elizabeth Prevatt that he be attached for contempt. Thereupon Herbert Prevatt moved the Juvenile Court to vacate the order of 7 October on the ground that the Juvenile Judge did not have jurisdiction to make the order. This motion was denied and movant appealed to the judge of the Superior Court. In the Superior Court, upon consideration of the record and the testimony of the Juvenile Judge, it was held that the Juvenile Judge had jurisdiction over the parties and the matters in controversy, and that the order of 7 October was valid and binding.

The movant, Herbert Prevatt, appealed.

*L. J. Britt and McLean & Stacy for Elizabeth Prevatt, appellee.*

*F. D. Hackett, Jr., and Varser, McIntyre & Henry for Herbert Prevatt, appellant.*

DEVIN, J. The statute creating Juvenile Courts in North Carolina as separate parts of the Superior Court contains these provisions: "The Superior Courts shall have exclusive original jurisdiction of any case of a child less than sixteen years of age, residing in or being at the time within their respective districts: 1. Who is delinquent. . . .; 2. Who is neglected . . .; 3. Who is dependent upon public support, or who is destitute, homeless or abandoned, or whose custody is subject to controversy." C. S., 5039; *S. v. Burnett,* 179 N. C., 735, 102 S. E., 711. While the act confers general jurisdiction upon the Superior Court, it will be understood that the term "court" when used in this statute without modification refers to the Juvenile Court which is therein created as a separate but not independent part of the Superior Court. C. S., 5041; *In re Hamilton,* 182 N. C., 44, 108 S. E., 385. Juvenile Courts were created and organized for the purpose of administering this law, and for the original hearing and determination of matters and causes within its scope, and as such were empowered to "make such orders and decrees therein as the right and justice of the case may require" (*S. v. Burnett, supra*), with right of appeal. C. S., 5058; *In re Hamilton, supra; In re Coston,* 187 N. C., 509, 122 S. E., 183; *S. v. Ferguson,* 191 N. C., 668, 132 S. E., 664; *Winner v. Brice,* 212 N. C., 294, 193 S. E., 400.

IN RE PREVATT.

Here the controverted matter of custody of his two children was originally presented to the Juvenile Court by the appellant, Herbert Prevatt. In consequence, a plenary hearing was had in that court at which all the parties were present in person, and apparently with the consent of the appellant arrangements were ordered for the temporary custody and disposition of the children. No objection to the plan devised by the Juvenile Judge was made by anyone, until later when R. L. Lamb, brother-in-law of the appellant, signified his refusal to comply.

We are unable to concur in the view of the appellant that the entire proceeding was a nullity. When the custody of children is controverted by parents who are living apart, and the matter is brought by them before that branch of the Superior Court created for the purpose of handling matters involving child welfare, and an order is made placing the children in homes deemed suitable and advantageous for them, the order is reviewable on appeal, but may not be disregarded as void and of no effect. *Winner v. Brice, supra.* Having invoked the action of the Juvenile Court, the appellant's motion to vacate a proper order of the court whose aid he has sought should not be allowed, unless it be made to appear that the court had no jurisdiction in the premises.

While the record does not disclose that a written petition to the Juvenile Court was originally filed by the appellant (C. S., 5043), he may not now be heard to complain of irregularity in this respect, since the proceeding was instituted at his instance, and he was personally present in court for the hearing which he had invoked. C. S., 490; *Burton v. Smith,* 191 N. C., 599, 132 S. E., 605. All the interested parties referred to in the order, as well as the children, were present before the court and were bound by its order, if in law the court had jurisdiction of the subject matter.

Unquestionably, if either of the parents had proceeded in accord with C. S., 2241, by writ of *habeas corpus* to determine the custody of the children, jurisdiction for that purpose would have appertained to that court, to the exclusion of the Juvenile Court. *In re Hamilton,* 182 N. C., 44, 108 S. E., 385; *Clegg v. Clegg,* 186 N. C., 28, 118 S. E., 824; *In re TenHoppen,* 202 N. C., 223, 162 S. E., 619; *McEachern v. Mc-Eachern,* 210 N. C., 98, 185 S. E., 684. But that is not our case. Here as in *Winner v. Brice, supra,* the matter was originally brought before the Juvenile Court. Relief was sought in that forum. The parties were present and voluntarily submitted themselves to the jurisdiction of that court with respect to a matter which was within the scope of its power.

While it was said in *S. v. Ferguson,* 191 N. C., 668, that the Superior Court, as distinguished from the Juvenile Court, had no jurisdiction to adjudge a child delinquent or neglected, the original jurisdiction in those respects having been conferred on the Juvenile Court by C. S., 5039, it

will be observed that this statute does not repeal C. S., 2241, and is not inconsistent therewith. No limitation is placed by this statute upon the jurisdiction previously conferred upon the Superior Court by C. S., 2241, to issue writs of *habeas corpus* and to hear and determine the custody of children of parents separated but not divorced. *Clegg v. Clegg, supra.* But where the Juvenile Court has by proper proceeding acquired jurisdiction of the parties and of the subject matter of children "whose custody is subject to controversy," its adjudication for the welfare of the children must be held effective and binding for that purpose. This is subject, however, to the right of the Superior Court judge to adjudicate the custody of children who come within the purview of C. S., 2241, when the matter is properly presented.

We conclude that the ruling of the court below was correct, and that the judgment should be
Affirmed.