Civil proceeding originating in the Juvenile Court of Avery County, was heard in Superior Court by Warlick, J., presiding, on appeal thereto from an order of judge of the Juvenile Court.
The record discloses that on 28 September, 1945, Mrs. Grace Bumgarner signed a paper reading as follows:
"North Carolina Avery County IN THE JUVENILE COURT
"Bruce Bumgarner Herbert Bumgarner NEGLECT Larry Bumgarner
"Mrs. Grace Bumgarner comes into Juvenile Court and of her own will turns the custody of her three above named sons over to the custody of the Juvenile Court.
"The Judge hereby turns the custody over to Mrs. Margaret Bumgarner, the grandmother of the said children, for trial placement, care and training.
"Mrs. Grace Bumgarner also agrees to place the children's part of the Government allotment in Mrs. Margaret Bumgarner's hands for their care and support and the Judge orders that a financial accounting be rendered every six months.
"Signed by agreement:
September 28, 1945. MRS. GRACE BUMGARNER." *Page 640 
Thereafter, on 7 July, 1947, the judge of Juvenile Court of Avery County signed an order directing the sheriff of Avery County to take the three minors named to Crossnore, N.C. and deliver them to the South Mountain Institute at Nebo, N.C. until further orders of the court.
Thereafter, on 17 July, 1947, Mrs. Grace Bumgarner, mother of the said minors, entered a motion in the Juvenile Court of Avery County, before the judge thereof, "that the said order, together with any other order which may have been entered in the cause, be vacated, recalled and withdrawn, and that the said children be returned to her care and custody immediately, and for such other and further relief as she may be entitled to." Upon the hearing on this motion and 8 August, 1947, Mrs. Grace Bumgarner, being present in person, and represented by attorney, and the State being represented by attorneys, and after argument by the attorneys, the Juvenile judge denied the motion and in accordance therewith signed an order. To the signing of the order the movent, Mrs. Grace Bumgarner, objected and excepted, and appealed to the judge of Superior Court "in open court, — further notice waived."
When the appeal came on for hearing before the presiding judge at the October Term, 1947, "in open court, for the purpose of the record, and emanating from the hearing," the judge found facts substantially as above, and, in connection therewith, found, among others, these pertinent facts:
That during the year 193.... Miss Grace Wilson intermarried with Carl Bumgarner and to that marriage there were born the above named three children; that he entered the armed forces of the United States in the late war and was killed in line of duty, leaving him surviving his wife and the three named children, — all residents of Avery County, North Carolina; that the three children remained in the custody of their mother, who lived at the time near Crossnore, in said county, until 28 September, 1945, when she "voluntarily made her appearance before the Clerk of the Superior Court of Avery County . . . who under the statute, is the duly designated judge of the Juvenile Court for said county, and . . . without any overtures from the said Clerk, made the following signed statement which appears to bear her proper signature"; (here follows the writing of 28 September, 1945, as above quoted); that the voluntary appearance of the mother came through visits made by the Welfare Superintendent, and conversations with her, in view of reports made to the Superintendent which he found to exist; that pursuant to the signed statement the children were legally placed in the possession and under the control of their paternal grandmother, Mrs. Margaret Bumgarner; that this continued for about six months; that the children remained under the supervision of Superintendent of Public Welfare in *Page 641 
the county; and that due to change of conditions, the judge of Juvenile court issued the order of 7 July, 1947, to the sheriff of Avery County, as aforesaid. (Other facts found are not necessary to determination of question raised on this appeal.)
And the judge further finds that "on such facts the parties frankly confess that the sole question for determination on the appeal is whether or not the Juvenile Court of Avery County acquired jurisdiction." The court being of opinion, and holding that the voluntary appearance of the mother before the Clerk, as appears from his record, all in line with the previous discussions with the Welfare Department, constituted on her part legally a surrender of the children, to the upkeep and tuition of the Welfare Department, acting through the Juvenile Court, and that such in law made unnecessary the statutory requirements in cases where the Juvenile Court was proceeding directly, and that the Juvenile Court acquired jurisdiction during such time as the custody and control of the children is necessary, — entered judgment in accordance therewith.
The movent, Mrs. Grace Bumgarner, excepted to the judgment and appeals to Supreme Court and assigns error.
This appeal challenges the ruling of the court below that upon the facts of this case the Juvenile Court of Avery County acquired jurisdiction of the children to whom this proceeding pertains.
Under the pertinent statute, G.S., 110-21, and decision of this Court in In re Prevatt, 223 N.C. 833, 28 S.E.2d 564, the challenge is not well founded.
The facts in the Prevatt case are so similar to those here that the decision there is pertinent and controlling here. Hence, on authority of that case, the judgment below is
Affirmed.